EDWARD MCKEON, Respondent, *v.* CITIZENS' RAILWAY COMPANY, Appellant.

1. *Practice, Civil—Instructions are to be taken together.*—In an action for damages against a street-railway company for injuries resulting from the carelessness and negligence of defendant, if it appeared that plaintiff in any manner directly contributed to such injuries by his own wrongful or negligent act, he cannot recover. And an instruction given to the jury after they had retired to consider of their verdict, omitting the element of contributory negligence, if standing alone, would undoubtedly be bad. But if that point was fully met by other instructions, such omission would be no ground for reversal of the cause. Instructions are to be considered and construed in their combination and entirety; and not as though each separate instruction was intended to embody the whole law of the case.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for appellant.

The court below erred in giving the last instruction, at its own instance, after the jury had retired and were unable to agree upon a verdict, as it had a direct tendency to mislead them and draw their attention off from the doctrine of contributory negligence raised by the proof in the cause. The instruction purports to make a complete case of liability in the company where an injury occurs to a passenger (notwithstanding the passenger may have contributed directly to bring about the injury), if such injury could in any way be traced to or might have been prevented by the employment of a greater number of agents and employees on board of the train. If the party injured contributed directly to his own misfortune, he cannot recover, even though the negligence of the company consisted in a lack of a proper number of servants and agents on board of the car in which the party was being carried. This is the settled law of this State. (Huelsenkamp v. Citizens' Railw. Co., 34 Mo. 45; Boland and Wife v. Mo. R.R. Co., 36 Mo. 484.)

*Hudgins & Son,* for respondent.

The instruction given by the court on its own motion is to be taken in connection and construed with those given at the instance of plaintiff and defendant. One of defendant's instructions, given

at his own instance, had declared that, if plaintiff in any manner contributed to the injury, he cannot recover. Take these together, and the whole objection of appellant is destroyed. The objection is founded on the theory that each instruction must contain the whole law applicable to every phase of the case. This is erroneous; the instructions given by the court are to be construed all together as one entire charge. Those of the plaintiff may modify those of the defendant, and *vice versa;* and while one instruction, if given by itself, might be erroneous because it did not contain all the law, yet, if modified by other instructions which declare fully the law of the case, there is no error.

CURRIER, Judge, delivered the opinion of the court.

The general facts appearing in this record are sufficiently stated in the opinion of the court delivered in this cause when it was heard on a former occasion. (42 Mo. 79.) There is but a single question presented for consideration on the present appeal. At the re-trial, after the jury had retired to consider of their verdict, the court, on the request of the jury for further directions regarding the law of the case, of its own motion gave the following additional instruction, namely: "The law does not fix or regulate the number or kind of servants and agents that defendant shall employ in the running and management of its cars. But it is the duty of the company to employ a reasonable and sufficient number of persons to run and manage its cars with safety to passengers; and if any injury occurs to passengers by reason of the failure of the defendant to employ a reasonable and sufficient number of servants or agents, the defendant would be liable for such injury."

The defendant objects to the action of the court in giving this instruction, on the ground that its tendency was to withdraw the minds of the jury from a consideration of the doctrine of contributory negligence, in regard to which the court had instructed them as follows, namely: "If the jury find, from the evidence, that the injuries complained of were caused by the negligence or misconduct of the plaintiff, or that he directly, in any manner, contributed thereto by his own wrongful or negligent act, then he

cannot recover." The jury were also instructed that if they "believed, from the evidence, that the injuries complained of were caused by the plaintiff getting or attempting to get off the forward platform or front end of defendant's car," then he could not recover.

These instructions, in connection with that given by the court upon its own motion, present the law of the case, as respects the particular matters in question, as fully and fairly as the defendant had a right to claim. Undoubtedly the instruction objected to, standing alone, would have been bad, as omitting the element of contributory negligence. But that point was fully met by the other instructions; and the instructions are to be considered and construed in their combination and entirety, and not as though each separate instruction was intended to embody the whole law of the case.

We discover no error in the judgment of the Circuit Court, and it is therefore affirmed. The other judges concur.