BERT E. SAMPSON, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, March 26, 1894.

1. **Instructions**: DAMAGES: ASSUMING FACTS: VERDICT.    An instruction on the measure of damages, faulty in itself, is *held*, when taken in connection with the whole charge, not to invalidate the verdict, since the verdict is regarded as conservative in amount.

2. **Appellate Practice**: REMARKS OF COUNSEL: EXCEPTIONS.    To have the remarks of counsel in the closing argument reviewed in the appellate court, exceptions thereto must be saved.

3. **Evidence**: NON-EXPERT.    A non-expert may testify as to the comparative appearance of the eyes of an injured man before and after the injury.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Gardiner Lathrop, Ben Eli Guthrie* and *S. W. Moore* for appellant.

(1) Instruction number 3 given for plaintiff was erroneous in that it assumed as true matters that were put in issue both by the pleadings and by the evidence. *Maxwell v. Railroad*, 85 Mo. 96; *Ins. Co. v. St. Mary's Seminary*, 52 Mo. 480; *Moffat v. Conklin*, 35 Mo. 453; *State v. Wheeler*, 79 Mo. 366; *Turner v.*

*Loler*, 34 Mo. 461; *Thompson v. Botts*, 8 Mo. 710; *Matthews v. Railroad*, 26 Mo. App. 75; Thompson on Trials, sec. 2295. (2) We submit that the defendant was prejudiced by improper remarks of plaintiff's counsel in his closing argument in which he used the following language: * * * Similar remarks by counsel outside of the record, but calculated to obtain a verdict upon other grounds than those raised by the pleadings and evidence, have been deemed sufficient in many adjudicated cases in Missouri, for the granting of a new trial. *Evans v. Town of Trenton*, 112 Mo. 390; *Haynes v. Town of Trenton*, 108 Mo. 123; *loc. cit.*, 133; *Ritter v. Bank*, 87 Mo. 574; *Roeder v. Studt*, 12 Mo. App. 566; *Wilbur v. Railroad*, 48 Mo. App. 224; *Norton v. Railroad*, 40 Mo. App. 642, *loc. cit.* 647; *Marble v. Walters*, 19 Mo. App. 134; *Gibson v. Zeibig*, 24 Mo. App. 65; *McDonald v. Cash & Hainds*, 45 Mo. App. 80. (3) We submit that the court erred in permitting witness J. L. Sampson to give to the jury his conclusions as to how the appearance of plaintiff's eyes before and after the injury compared. We submit that no case goes to this length. The proper and the only course is for the witness to state the facts and let the jury draw the inference and conclusion instead of the witness. *Hurt v. Railroad*, 94 Mo. 254; *King v. Railroad*, 98 Mo. 235. The question is not an open one in this state, the supreme court having passed upon it in *Reid v. Insurance Company*, 58 Mo. 421, *loc. cit.* 425.

*Dysart & Mitchell* for respondent.

(1) Conceding for the sake of the argument that the remarks of plaintiff's counsel to the jury were improper, yet the same can not be considered by this court, for the reason that no exceptions were saved to the rulings of the court thereon, as appears from appel-

lant's abstract. (See p. 14 from the record). Objecting to evidence or to the rulings of the court is one thing, and the saving of an exception to such rulings is an entirely different thing. (2) Besides, the remarks objected to by appellant were not improper in their connection. This court will not ordinarily interfere with the discretion of the trial court in such cases. *Sidekum v. Railroad*, 93 Mo. 400–407. (3) In appellant's points and authorities the only instruction assailed is number 3, on the measure of damage, given for the plaintiff. This instruction does not tell the jury, nor assume, that plaintiff's injuries were permanent no more than the "character" and "extent" of his injuries were assumed. The same form of expression is used in appellant's first instruction given by the court where the jury is told that the burden was on the plaintiff to prove "the extent and permanence of his injury." It is not only proper, but essential to call the jury's attention to the items and elements to be considered in assessing the damage in a personal injury case. *Schaub v. Railroad*, 106 Mo. 74–93; *Sidekum v. Railroad*, *supra; Russell v. Town of Columbia*, 74 Mo. 480–488; *Rosenkranz v. Railroad*, 108 Mo. 9–15; *Buck v. Railroad*, 108 Mo. 179–187. (4) All the instructions in the case must be taken and construed together, and when so considered they are exceedingly favorable to the defendant. *Spillane v. Railroad*, 111 Mo. 555–564.

GILL, J.—In May, 1893, the plaintiff was engaged on one of the defendant's trains as railway postal clerk. While so employed the train, while near New Boston, Iowa, collided with another and plaintiff received serious injuries. He thereupon brought this action for damages. On a trial by jury in the circuit court plaintiff had a verdict and judgment for $1,250, and defendant appealed.

The defendant's liability stands practically admitted; the only question was as to the extent of the plaintiff's damages.

The first and principal contention seems to be that the court committed reversible error in giving plaintiff's instruction number 3 as to the measure of damages. It is claimed that said instruction *assumes* that the plaintiff's injuries were permanent, and that he will continue in the future to suffer from his injuries etc., which, under the pleadings and evidence, are controverted facts.

I. The position of defendant's counsel as to the law in such cases is correct. It is improper for the trial court to so charge the jury as to declare the existence or non-existence of facts disputed and in issue in the cause. The settlement of controverted issues of fact rests with the jury, and the court improperly assumes that function when the judge by instructions states his conclusions in reference thereto.

But when all the instructions given in this case are read together, as one charge, we do not feel the foregoing rule was seriously violated. While plaintiff's number 3, considered alone, may be somewhat ambiguous, or even subject to just criticism, yet defendant's instruction told the jury that the burden was cast on the plaintiff "to show by fair preponderance of the evidence to the satisfaction of the jury" the various elements that should go to make up the sum of plaintiff's damages. The court then did not assume the existence of these elements of permanency of injuries, future sufferings, etc., but told the jury that it was incumbent on the plaintiff to prove these by a "fair preponderance of the evidence." More than this the amount of the verdict is such as to show that the jury gave little, if anything, for permanent injuries or future suffering. From a reading of this record it unques-

tionably appears that plaintiff's injuries were quite serious and for which $1,250 may be considered a very conservative compensation.

II.     As to the alleged improper remarks of plaintiff's counsel at the argument, we discover no just cause of complaint.     It may be well said that counsel on both sides approached the line of impropriety, but yet we feel that nothing said would justify a reversal of this judgment.     However this may be, the record fails to show that defendant's counsel saved exceptions to the action of the court.

III.     Neither was there any error in permitting plaintiff's father to testify as to the comparative appearance of the eyes of the injured man before and after the collision.     The elder Sampson was not testifying as an expert, but the extent of his testimony was to advise the jury as to the effect, or rather the apparent change in appearance, the accident had produced on plaintiff's eyes.

Finding no substantial error in the record the judgment will be affirmed.     All concur.