———: continuance: record.

---

ALEXANDER RUTH, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 5, 1897.

1. **Master and Servant:** DANGEROUS APPLIANCE: INSTRUCTION: AS-SUMING FACT. An instruction set out in the opinion is examined and *held* not subject to the criticism that it assumed the appliance was a dangerous machine, especially when taken in connection with the other instructions in the case.

2. ———: ———: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. The instructions in this case taken together show that one of their number is not subject to the criticism of ignoring the fact of plaintiff's knowledge of the dangerous appliance he was using; and, if the instructions in that regard are too general, defendant should have offered others more definite.

3. ———: DANGEROUS APPLIANCE: INSTRUCTIONS: IGNORING GROUNDS OF RECOVERY. Where plaintiff's right to recovery is grounded on two distinct acts of negligence, instructions directing a verdict for the defendant, which ignore either one of said grounds, are properly refused.

4. ——: ——: EVIDENCE: JURY. The evidence in this case warranted the jury in finding defendant liable on the ground set out in plaintiff's petition, to wit, negligence in providing a reasonably safe machine, and in its foreman's negligently directing the use thereof.

5. Appellate Practice: MISCONDUCT OF COUNSEL. The appellate court is usually not justified in reversing a case on the ground of improper remarks of the plaintiff's counsel to the jury, where the court at the time corrected the advocate and told the jury such matters were outside of the case.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*M. A. Low* and *McDougal & Sebree* for appellant.

(1) The court committed error in giving instruction number 5 on the part of the plaintiff, which assumed as a fact a material allegation of the petition, viz., that the derrick was a dangerous machine, which allegation was controverted by defendant by both the answer and evidence. *Natta v. R'y*, 133 Mo. 13; *Fullerton v. Fordyce,* 121 Mo. 1; *Dulaney v. Sugar Company,* 42 Mo. App. 659; *Wright v. Fonda,* 44 Mo. App. 634; *Peck v. Ritchey,* 66 Mo. 114; *Merritt v. Given,* 34 Mo. 98; *Rice v. McFarland,* 41 Mo. App. 489; *Gay v. Tielkemeyer,* 64 Mo. App. 112; *Meriweather v. R'y,* 45 Mo. App. 528; *Dowling v. Allen,* 88 Mo. 293; *Crews v. Lackland,* 67 Mo. 619; *R'y v. Waldo,* 70 Mo. 629; *Robertson v. Drane,* 100 Mo. 273. (2) Instruction number 3, given at the request of plaintiff, is erroneous in that it leaves out of consideration the question whether plaintiff had knowledge or could have discovered by ordinary care the unsafe condition of the machine, if it was unsafe. *Moore v. Wire Co.,* 55 Mo. App. 491; *Reichla v. Gruensfelder,* 52 Mo. App. 43; *Porter v. R. R.,* 71 Mo. 66; *Roddy v. R. R.,* 104 Mo. 234; *Haley v. Jump River Co.,* 51 N. W. Rep. 321; *Car-*

*penter v. R'y*, 39 Fed. Rep. 315; 3 Wood's R'y Law, p. 1492, sec. 386; Wood's Law, Master and Servant, p. 754, sec. 382; Black, Proof and Pleading Accident Cases, p. 28, sec. 211; Beach on Contributory Negligence, sec. 139; *Perigo v. R. R.*, 52 Iowa, 276; *R. R. v. Herbert*, 116 U. S. 642; *R. R. v. Bragonier*, 119 Ill. 51; *Rogers v. R. R.*, 76 Tex. 505; *Johnson v. R'y*, 14 S. E. Rep. 435. (3) The court committed error in refusing to give instruction number 7 asked by the defendant, which contains the law relating to the contributory negligence of the plaintiff and his fellow servants. (4) It was error to refuse instructions numbers 8 and 12 asked by the defendant, each of which was to the effect that if by the use of ordinary care the plaintiff would have known the risk and danger, if any, in working with the derrick, then he assumed such risk. See authorities cited under point 2. (5) It was an error to refuse the defendant's demurrer to the evidence and the thirteenth instruction asked by the defendant, for the reason that the evidence fails to show any negligence on the part of defendant. (6) The remarks of the plaintiff's counsel in his closing speech to the jury, that plaintiff had starving children, and that defendant had to be dragged into court, were improper and prejudicial to the defendant, and reversible error. *Dayharsh v. R. R.*, 103 Mo. 570; *Williams v. R'y*, 123 Mo. 573; *Smith v. Tel. Co.*, 55 Mo. App. 626; *Ensor v. Smith*, 57 Mo. App. 584; *Evans v. Trenton*, 112 Mo. 390; *McDonald v. Cash*, 45 Mo. App. 65; *Mahaney v. R. R.*, 108 Mo. 191. The remarks were unfair and unjust, and gross error; and in all cases the rule is "that error is presumptively prejudicial. It devolves on the party claiming it to be otherwise to show its innocuous character." *Dayharsh v. R. R.*, 103 Mo. 570–578; *Golson v. Eburt*, 52 Mo. 260–270; *McDonald v. Matney*, 82 Mo. 358–366.

*Geo. Hall & Son* for   respondent.

(1)   It was the duty of defendant to furnish plaintiff and his  fellows reasonably safe machinery and appliances to work with, and to keep the same in reasonably safe condition for use, and in the absence of notice to the contrary, plaintiff had the right to assume that defendant had discharged its duty in that respect. *Condon v. R'y*, 78 Mo. 567; *Gutridge v. R'y*, 94 Mo. 468; *Huhn v. R'y*, 92 Mo. 440; *Lewis v. R'y*, 59 Mo. 495; *Coontz v. R'y*, 121 Mo. 652; *Rodney v. R'y*, 127 Mo. 676, 689.   (2)   Plaintiff was a subordinate under the defendant's foreman, Hack, who had charge of the men and the work they were engaged in, and plaintiff and his fellows were required to obey Hack's orders.   This constituted Hack a vice-principal of defendant and rendered it liable for his negligence.   *Lewis, Adm'r, v. R'y*, 59 Mo. 495; *Hall v. R'y*, 74 Mo. 298; *Stephens v. R'y*, 96 Mo. 207; *Foster v. R'y*, 115 Mo. 165; *Moore v. R'y*, 85 Mo. 588; *Dayharsh v. R'y*, 103 Mo. 570; *Fogus v. R'y*, 50 Mo. App. 250.   (3)   Hack was defendant's foreman and vice-principal, and ordered plaintiff to get to work with the ram, and assured him that there was no danger.   Plaintiff had a right to rely upon this assurance, and it was his duty to obey his orders, and though plaintiff may have seen the derrick rocking, this would not prevent him recovering unless the danger was so glaring a reasonably prudent person would not have incurred the danger under the circumstances. *Devlin v. R'y*, 87 Mo. 545; *Shortel v. City of St. Joseph*, 104 Mo. 114; *Foster v. R'y*, 115 Mo. 165; *Stoddard v. R'y*, 65 Mo. 514; *Keegan v. Kavanaugh*, 62 Mo. 230; *Schroeder v. R'y*, 108 Mo. 322; *McMullen v. R'y*, 60 Mo. App. 231; *Halliburton v. R'y*, 58 Mo. App. 27; *Beard v. Car Co.*, 63 Mo. App. 382; *Ellingson v. R'y*,

60 Mo. App. 679; *Young v. Iron Co.*, 103 Mo. 324, 328. Whether such obedience on the part of plaintiff was negligence, was a question of fact for the jury. *Fogus v. R. R.*, 50 Mo. App. 250; *Stephens v. R. R.*, 96 Mo. 207. (4) Whether the derrick and ram were unsafe for use was, under the evidence in this case, a question of fact for the jury. *O'Mellia v. R'y*, 115 Mo. 205; *Huhn v. R'y*, 92 Mo. 440; *Conray v. Iron Works*, 62 Mo. 35; *Coontz v. R'y*, 121 Mo. 652. (5) A correct model of the derrick, ram, and all the appliances used from which the injury resulted was in evidence before the jury, and was sufficient of itself to entitle the case to be submitted to the jury, and the court did not err in refusing defendant's instruction number 13. *Bowen v. R'y*, 95 Mo. 268. (6) The instructions should be taken together, and it is not required that each instruction should embrace all the issues, but if all those given, when taken and read together, are harmonious and consistent, embracing all the material issues involved, it is sufficient, and when plaintiff's instructions are so taken, they properly declare the law. *State v. Weeden*, 133 Mo. 70, 83; *Easley v. R'y*, 113 Mo. 236, 244; *Henry v. R'y*, 113 Mo. 525, 536; *Burdoin v. The Town of Trenton*, 116 Mo. 358, 369; *Shaw v. Dairy Co.*, 56 Mo. App. 521; *Ridenhour v. R'y*, 102 Mo. 270; *Shortel v. St. Joseph*, 104 Mo. 114; *Dickson v. R'y*, 104 Mo. 491; *Distilling Co. v. Creath*, 45 Mo. App. 169; *Warren v. R'y*, 62 Mo. App. 184, 194; *Benham v. Taylor*, 66 Mo. App. 308. When instructions taken together fully present the issues to the jury, this will suffice, even though refused instructions may have contained correct principles of law. *Boller v. Cohen*, 42 Mo. App. 97. And the fact that one of them standing alone would be misleading will not cause a reversal of the judgment. *Deweese v. Mining Co.*, 54 Mo. App. 476. (7) The remarks of plaintiff's counsel were in answer to the

remarks of defendant's counsel, and were not reversible error. *Fink v. Ins. Co.*, 66 Mo. App. 513; *Evans, v. The Town of Trenton*, 112 Mo. 590; *Nichols & Shepherd Co. v. Metzger*, 43 Mo. App. 607, 618; *Walton v. R. R.*, 49 Mo. App. 620, 628; *Smith v. Butler*, 48 Mo. App. 663.

GILL, J.—This is an action for personal injuries received by the plaintiff in June, 1894, while employed as helper at defendant's machine shops at Trenton, Missouri. The plaintiff was ordered by his foreman to join several other men in driving a pin out of the wheel of a locomotive then in the yards. It was sought to accomplish this by means of a derrick and battering ram, which it seems was ordinarily used for the purpose, and a description of which we take from plaintiff's statement. The ram consisted of an axle of the large drive wheel of an engine, and was an iron shaft about five and one half feet long and weighed eight or nine hundred pounds and was swung from a derrick which was constructed of four pieces of pine timber four by six inches, and fourteen feet long. These timbers were fastened together in sections of two pieces of timber each, the two pieces framing the section being fastened together at the top and bottom by rods of iron, and were about two feet apart at the top, and four feet apart at the bottom. These two sections were fastened together at the top with iron hinges and a rod of iron running through them, so that the two sections of the derrick could be spread out as wide as desired for use, and when done using the same could be closed up like a step ladder, and put away. The ram or iron axle was swung from the rod fastening these two sections together at the top and between the two sections. A smaller axle was used as a punch, which was placed against the pin and held in position by one of the men under the engine. To

STATEMENT.

the further end of the ram or longer axle was fastened a pair of tongs to guide it with in making the blows, so that it would strike the smaller axle or punch under the engine. The strength or power of the derrick to resist the forward and backward swing of the ram when in use depended solely upon the distance apart of the two pieces of timber that formed the separate sections of the derrick. There were no guys or fastenings at the top to prevent it from falling over from the motion of the ram, at the time. of the injury. Plaintiff had nothing to do with setting up the ram and getting it ready for use at the time of the injury. When he got out where it was, it was already set up in position, the other men were in their places, and no place for plaintiff to take hold but the tongs at the end of the ram to guide it with. This was a difficult position to fill, and required the party doing the guiding to keep his eyes constantly on the motion of the ram, otherwise there was danger of the ram missing the punch or small axle and striking the man under the engine holding it. Plaintiff had never seen the ram before, did not know what it was for, how to use it, or anything about it. Plaintiff testified that when he got out there, Hack, the foreman, with an oath told him to take hold, not to be afraid, and that everything was all right. Plaintiff took hold of the tongs and commenced to guide the ram. Hack, the foreman, went around on the opposite side of the engine to watch the effect of the blow upon the pin. The pin did not move and Hack ordered the men to strike harder, and the men, in obedience to his orders, continued to increase the blows until the derrick fell and seriously injured the plaintiff. Whether it fell from the rebound from the blow, or from pulling it back to . make another blow, seems to be in dispute. Hack, the foreman, first testified, in giving his deposition, that the rebound from the blow caused it to fall.

On the last trial he testified that he had investigated
the matter after giving his deposition and had decided
that the pulling back had caused it to fall.   The evi-
dence tended to show that it was safer to tie the derrick
at the top to the engine or something else to keep it
from falling over, and that it had fallen over before,
when it was not tied.   At the trial below a model of
the derrick and ram was used in evidence, but it does
not accompany the record in this case.   The plaintiff
testified also that while the ram was being used he
noticed that the derrick rocked some as the ram worked
back and forth.   While plaintiff had been working
about the shops for some two or three months, he had
not before seen or used this appliance.

The petition alleged as acts of negligence, *first*, the
furnishing an unsafe machine, and, *second*, the neg-
ligence of Hack, the foreman, in directing the manner
of its use.   A trial by jury resulted in a verdict and
judgment for plaintiff in the sum of $2,000, and de-
fendant appealed.

I.   The errors assigned relate to the giving of
alleged improper, and the refusal of proper, instruc-
tions; and that the defendant was prejudiced by certain
statements made by plaintiff's counsel in his closing
argument to the jury.   A careful examination forces
the conclusion that none of these objections are well
taken.

The first attack is on plaintiff's instruction number
5 which declares that although the jury may believe
from the evidence that plaintiff knew of the *dangerous
character* of the machine, or could by rea-
sonable care have known of the same, yet
if the jury further believe from the evi-
dence that defendant's foreman ordered
and directed plaintiff and his fellow workman in the
use of said ram or machine to hit harder, etc., such

MASTER and serv-
ant: dangerous
appliance: in-
struction: as-
suming fact.

knowledge will not prevent a recovery unless the danger in using said ram and obeying the foreman's order "were so glaring and perilous that a reasonably prudent person would not have used the same under such circumstances."

The specific objection is that this instruction assumes an issuable fact, to wit, that the derrick *was a dangerous machine.* If attention is given alone to the instruction just quoted then it might be treated as assuming the controverted fact that the machine was a dangerous appliance. But when the court's instructions are all read and considered as one charge there could be no danger of a misapprehension or that the jury could understand that such fact was conceded. Plaintiff's third instruction put that question fairly before the jury, and they were advised that to entitle plaintiff to recover they (the jury) should believe from the evidence that "the defendant and its foreman who had charge of its business negligently and without reasonable care furnished plaintiff and his fellow workmen with an unsafe and dangerous machine or battering ram to work with," etc.

It is further objected that plaintiff's instruction number 3 is faulty in that it leaves out of consideration the question whether or not plaintiff *had knowledge or with ordinary care could have discovered* the unsafe condition of the derrick. There is much force in the contention that such a qualification of plaintiff's right to recover had no place in this particular case, when, according to the undisputed evidence, it is shown that plaintiff had never before seen the machine, knew nothing of its character or purpose, nor in what manner used, until he was called from the shop and at once directed to aid in operating the same. He had no opportunity to observe its dangerous character or condition until he be-

<span style="font-variant: small-caps">——: ——: contributory negligence: instructions.</span>

gan, with his co-laborers, to use it. The evidence tends
to show that after swinging the ram a time or two, he,
the plaintiff, noticed the derrick rocking and moving;
and based upon this evidence the court, at defendant's
request, gave the following instruction:

"3. The court instructs the jury that if they believe
from the evidence that after the striking of the blows
had begun, the plaintiff was lifted off his feet several
times and saw that the derrick was rocking and moving,
and saw that he was in a dangerous position, then it was
his duty to have changed his position, or used such
care as would have been used by an ordinary prudent
person under like circumstances, and if he failed to do
so then he was guilty of negligence, and the verdict
must be for the defendant."

In addition to this, the plaintiff's third instruction,
in effect, told the jury that plaintiff must at the time,
in order to recover, have been without fault or negli-
gence on his part—in other words, have exercised ordi-
nary care. And by another instruction the court de-
fined "negligence as used in these instructions to mean
a lack of such care as reasonable, prudent, careful per-
sons usually exercise on like occasions under like cir-
cumstances." And by the fifth instruction given at
plaintiff's request, and which we have heretofore quoted,
the jury were fairly advised that plaintiff had no right
to recover if he knew of the dangerous character of the
machine or could have so known by the exercise of or-
dinary care, unless however he was assured by the
foreman of its safety and ordered to use the same,
provided of course the machine was not so glaringly
dangerous that a man of ordinary prudence would not
handle it.

Now, in the light of these several declarations by
the court, the jury must have understood that plaintiff's
knowledge, or such means of knowledge as were obvi-

ous to him at the time relating to the dangerous condition of the derrick, would (subject to the qualification mentioned in the fifth instruction) deny plaintiff any legal right of recovery. If the instructions in that regard were too general or not sufficiently clear and specific as defendant's counsel thought they should be, then they should have asked the court to give one more definite.

The court was also correct in refusing defendant's seventh, eighth, and twelfth instructions. As declared in plaintiff's first instruction (the propriety of which is not questioned) there are two acts of negligence charged on the defendant—the failure to furnish plaintiff with a reasonably safe appliance and that defendant's foreman negligently ordered plaintiff and his fellow workmen as to the manner of using the same. Each of these three instructions now ignored one branch of the case and sought a verdict on one theory alone, expressly telling the jury to find for defendant if they found the particular fact therein stated. Besides, the instructions now under review were clearly in conflict with plaintiff's numbered 4 and 5 and which, as already stated, embody the law applicable to one feature of the case.

*—: dangerous appliance: instructions: ignoring grounds of recovery.*

Neither was it error to overrule defendant's demurrer to the evidence. The testimony warranted the jury in finding that defendant was both negligent in providing a reasonably safe machine and also that its foreman or vice-principal carelessly and negligently directed plaintiff and his fellow workmen in the use thereof. The law applicable to facts of this nature has been so often declared that it is scarcely worth while to repeat. See *Halliburton v. R'y*, 58 Mo. App. 27, and cases cited.

*—: —: evidence: jury.*

And lastly, we do not feel justified in sending this case back for a new trial because of alleged improper remarks uttered by plaintiff's counsel in his argument to the jury. The reference to the plaintiff's "starving children," as well as counsel's suggestion that he had been trying for eighteen months to get the defendant before a jury, etc., while perhaps improper as not found in the evidence, yet, as the court at the time corrected the advocate, and in effect told the jury that such matters were outside the case, we do not think any substantial prejudice was done to the defense.

APPELLATE practice: misconduct of counsel.

Since we find no prejudicial error in the record, the judgment must be affirmed. All concur.