JENNIE N. CHRISTIANSON, Respondent, v. Mc-
DERMOTT ESTATE, Appellant.

Kansas City Court of Appeals, January 14, and March 7, 1907.

1. DAMAGES: Value of Services: Jury. Though the extent and
value of services seem greatly exaggerated, yet where two ju-
ries have placed a similar value upon them the question is set-
tled for the courts.

2. SERVICES: Manner of Payment:  Right  To.  If remunera-
tion is expected and promised for services the servant is enti-
tled thereto though he may not get it in the form expected; and
where' the evidence tends to raise the expectancy of a legacy
such fact does not cut off the servant from his action for com-
pensation.

3. QUANTUM MERUIT: Services: Law and Fact: Evidence: In-
struction. Where the acts, conduct and statement of parties
imply a duty to pay for services rendered the intention is dis-
regarded and so where a party out of the pale of family rela-
tions renders at his request services to a sick man the law im-
plies a promise to pay a just and reasonable compensation and
such remuneration is recoverable on *quantum meruit*, and an in-
struction need not refer to the intention of- -the servant to
charge.

4. ———: Measure of Recovery: Third Parties: Instruction.
Where service is rendered by a servant at the request of a sick
man it does not necessarily imply that such servant can charge
for the services of her husband and a hired employee and an
instruction to that effect is condemned though free of other ob-
jections urged against it.

5. ———: Defense: Payment:  Burden  of  Proof:  Instruction.
Where in an action by a servant to recover for services the
rendering of the service is admitted and the defense of pay-
ment is set up the burden is upon the defendant to prove such
defense to the satisfaction of the jury and an instruction is ap-
proved.

6. ———: ———: ———: Settlement With Husband. Under a
plea of payment the fact that the deceased person for whom
the service was rendered had settled with the servant's hus-
band is immaterial since such settlement would not discharge
the servant's demand.

7. ———: Administration: Statement: Sufficiency of. The state-
ment of a demand against an estate set out in the opinion is

held sufficient since it informs the administrator of the nature of the claim.

8. ————: **Services: Instructions.** Certain instructions are reviewed and approved or condemned.

Appeal from the Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*James W. Boyd* for appellant.

(1) Under such circumstances no legal, or moral obligation to pay, arises. Lillard v. Wilson, 178 Mo. 153; Kerr v. Cusenbary, 60 Mo. App. 563; Penter v. Roberts, 51 Mo. App. 227; Watkins v. College, 41 Mo. 302; Hart v. Hart's Administrator, 41 Mo. 441; Morris v. Barnes, 35 Mo. 415; Guenther v. Birkicht's Admr., 22 Mo. 445; Bittrick v. Gilmore, 43 Mo. App. 56; Crenshaw v. Bentley, 31 Mo. App. 74; Kammerman v. Wiggington, 70 Mo. App. 480; Kinner v. Tschirpe, 54 Mo. App. 578; Aul Savings Bank v. Aul, 80 Mo. 202; Koch v. Hebel, 32 Mo. App. 108; Woods v. Land, 30 Mo. App. 176; Wagner v. Edison Co., 177 Mo. 64. (2) The statement of the demand filed in the probate court is so vague, indefinite and uncertain that it means nothing, amounts to nothing, and is void. Watkins v. Donnelly, 88 Mo. 323. (3) Every instruction given on the part of the respondent is erroneous and illegal, except number 10.

*L. W. Booher, J. A. Sanders* and *H. S. Kelley* for respondent.

(1) The wife since 1889 may contract and be contracted with, sue and be sued as a *femme sole.* Revised Statutes 1889, sec. 6864. And she is entitled to the wages of her separate labor, etc. Revised Statutes 1889, sec. 6869. The wages of a married woman for teaching

school are her separate estate. Ingals v. Ferguson, 138 Mo. 358. A judgment for personal injuries is her separate property. Tyler v. Tyler, 78 Mo. App. 240; 94 Mo. 530; 70 Mo. 214. (2) Where there is no express contract of employment, the law implies an agreement to pay the reasonable value of his services, and proof that the services were performed and accepted makes a prima facie case on a *quantum meruit*. Sprague v. Sea, 152 Mo. 327; Bogard v. Powell, 79 Mo. App. 184; Horne v. McRae, 53 S. C. P. 63. (3) On a promise to pay for services by will, the cause of action accrues at the employer's death. Stone v. Todd, 49 N. J. L. 274; 13 Am. & Eng. Ency., 721, n. 2. In the case of professional services by an attorney, extending over an indefinite time, it runs from the last service. Mosgrove v. Golden, 101 Pa. 605; 13 Ency., 726, n. 21.

BROADDUS, P. J.—This suit was instituted in the probate court against the estate of John R. McDermott, deceased, for personal services alleged to have been rendered by the plaintiff, Jennie Christianson, for nursing, caring for the clothing and feeding of the said McDermott in each year from the year 1893 to 1903 inclusive. The account for her services is itemized as follows:

| | |
|---|---:|
| For the year 1893, .... .... .... .. | $200.00 |
| For the year 1894, .... .... .... .. | 200.00 |
| For the year 1895, .... .... .... .. | 300.00 |
| For the year 1896, .... ... .. .... | 300.00 |
| For the year 1897, .... .... .. .... | 300.00 |
| For the year 1898, .... .... .. .... | 400.00 |
| For the year 1899, .... .... .... | 400.00 |
| For the year 1900, .... .... .... .. | 1,000.00 |
| For the year 1901, .... .. .... .... | 1,500.00 |
| For the year 1902, .... .... .... .. | 1,500.00 |
| For the year 1903, .... .... .... .. | 1,500.00 |

Total Sum,    $7,500.00

On the trial in the probate court the plaintiff obtained a judgment for $4,500, from which defendant appealed; on the trial anew in the circuit court plaintiff obtained judgment for $4,000, from which defendant again appealed.

It was disclosed from the evidence that the deceased had been for a long while a resident of Savannah, Andrew county, Missouri, during which time he was engaged in the "marble business." He was a man without a family of his own and lived in plaintiff's family for many years. It was shown he was afflicted with the disease of rheumatism from 1873 to the date of his death. As time progressed his disease increased in severity. At times, although suffering, he was enabled to attend to his business affairs. At other times his condition was such as required the services of a nurse. The evidence was ample to the effect that plaintiff took care of, nursed and fed him, with the assistance of others. He expressed himself highly satisfied with the treatment he received at the hands of the plaintiff. An effort was made on the part of the defendant to minimize said services. It could not be denied that she did render services of the kind for which she claims compensation, but that their extent and value were greatly exaggerated. But as two juries have placed a similar value upon them, that question is settled.

But the appellant contends, that as the plaintiff did not contemplate charging for the services when rendered, but expected to be compensated for them in the deceased's will, she is not entitled to recover. There is some evidence tending to show that she expected to be compensated in that manner, but the evidence shows further that she did expect remuneration in some form and that the deceased agreed that she should be remunerated. We are at loss to know why, if a remuneration was expected and promised for the services, plaintiff would not be entitled to it although she did not get it in

the form so expected. It seems to us the only question in the matter is, was plaintiff entitled to pay for her services? A witness testified that deceased said to the plaintiff: "My money is for the people who take care of me. . . . You do not need to be uneasy about doing too much; I have money and you shall be paid for it. I am no imposter and I do not want to impose on you. . . . For God's sake, don't give me up and let the old man go in his last sickness. You will be paid for it. Don't be uneasy." Another witness testified that he said to plaintiff: "I haven't money enough to pay you for your trouble and care, but what is left you shall have when I am through with it."

The afflicted man, who was alone in the world with no family to minister to his wants, in the most earnest manner appealed to the plaintiff to care for him with a promise to pay her well, even to the extent of his whole fortune, and in response to that appeal plaintiff nursed and cared for him. He did not say in what form the remuneration would be, only that it would be ample. Under such circumstances, it would have been very natural for plaintiff to have expected a legacy. But she was entitled, nevertheless, to pay in some form. If not in the shape of a legacy, in dollars and cents from his estate. [Ryans v. Hospes, 167 Mo. 342.]

The defendant claims that the court committed error in giving certain instructions at the instance of the plaintiff. Instruction numbered one is criticized because it assumes that the services were rendered and because it ignores the question whether they were rendered with the intent not to charge therefor, but with the hope of being compensated by will or otherwise in the way of a donation. It is sufficient to say that the instruction is not subject to the first objection. It did omit, however, any reference whatever to the intent with which the plaintiff rendered the services. It was, under the authority just cited, immaterial in what manner

plaintiff expected remuneration for her services. And "It is well settled that where one performs services for another at his request, but without any agreement or understanding as to wages or remuneration, the law implies a promise on the part of the party requesting the services, to pay a just and reasonable compensation, unless there is a family relation existing between the parties, and this remuneration is recoverable on a *quantum meruit.*" [Lillard v. Wilson, 178 Mo. 145.] And it is said, that "Implied contracts are either implied in fact or in law. The first class arises in cases where, according to the ordinary course of business and the common understanding of men, a mutual intent to contract is implied. The second class are mere fictions of law, and arise in cases where there is no evidence of intention to contract, but where, in the light of the circumstances of the case, the acts and conduct and verbal statement of the parties implies a duty to pay for a benefit conferred. In such case, the intention is disregarded." [Idem, 1. c. 152, 153.] This case falls within the foregoing rule, no family relation existing between the parties. It was not, therefore, error to omit from the instruction any reference to the intention of plaintiff to charge for her services.

Instruction numbered two, given for plaintiff, is objected to because it permitted plaintiff to recover for the services of not only herself, but for those rendered by her husband and her son and an employee of the family.

In addition to the services plaintiff herself rendered deceased, her husband and son and a family employee also cared for and nursed him, for which she was allowed to recover under this instruction. Since the former opinion in the cases was rendered, we have concluded that the instruction allowing plaintiff compensation for the services of such third persons is erroneous. There is nothing in the implied obligation arising out of the

facts and circumstances in evidence that authorized plaintiff to employ third persons to render services to the deceased. Besides, there is no evidence that she employed such third persons for that purpose. It merely appears that when plaintiff was absent from her home, or when she needed help in the matter, these other persons did perform such services as the necessities of the deceased required. Furthermore, we cannot perceive upon what theory of law it can be held that plaintiff can recover for the services of her husband and his employee. At law, she could not bind the husband by any kind of contract for such services. The son had obtained his majority and it appears that in what he did in the way of taking care of deceased he acted on his own volition. From all the facts and circumstances of the case, it clearly appears that plaintiff's family entertained much friendship for the deceased, and that he received from its members all necessary care and help in his affliction. That plaintiff at his request did in person undertake to nurse and care for him cannot be denied, but that was the extent of her obligation. But said instruction is not subject to the criticism that it assumes that plaintiff rendered to the deceased services of the nature in suit. And if it did, it would not work any prejudice to defendant, as it was admitted that she did render such services.

Instruction five, given for plaintiff, reads as follows: "The court instructs the jury that the burden is upon defendant to prove to the reasonable satisfaction of the jury by a preponderance of the evidence the defense of payment for the services mentioned in plaintiff's demand and for which suit is brought, and if defendant has failed to prove and satisfy the jury, they should not find against plaintiff on that ground." The instruction assumes that the services were rendered, but by the other instructions the burden of proof was cast upon plaintiff to show the rendition of the services. In-

structions should be considered in their combination and entirety and not as though each separately was intended to embody the whole law of the case. [McKeon v. Railroad, 43 Mo. 405; Smith v. Culligan, 74 Mo. 387; Garesche v. St. Vincent's College, 76 Mo. 332; Easley v. Railroad, 113 Mo. 236.] But, aside from the alleged defect, the admission of defendant that plaintiff had performed such services rendered the instruction proper, as hereinbefore stated in reference to instruction two.

Defendant attempted to prove payment by showing that deceased had settled all his indebtedness to plaintiff's husband with whom he boarded. This was not a payment to plaintiff. Had such payment been intended to discharge plaintiff's demand, it would not have been effectual for that purpose, as she was entitled to the proceeds of her own labor. [Ingals v. Ferguson, 138 Mo. 358; Tyler v. Tyler, 78 Mo. App. 248; secs. 4335, 4340, R. S. 1899.]

We have examined plaintiff's statement and find, although it is somewhat informal, it states a cause of action. It sufficiently appears that plaintiff's demand is for services rendered by plaintiff for the deceased for certain years, upon an implied obligation. The strict rules of pleading governing practice in the circuit courts are not required in cases originating in probate courts. All that is required is that the statement shall show the nature of the claim so that the administrator or executor may know what he has to defend against.

Defendant asked, so far as we can gather from his abstract, seventeen instructions, of which eight were given and nine were refused. Of the latter, that numbered nine should have been given as its effect would have been to eliminate from plaintiff's case all her claim for services rendered by the third persons mentioned. The others were properly refused. The first four of those given should have been refused, for the reason that they required that in order for the plaintiff to recover she

must show that when she rendered the services, she did so with the expectation of being compensated therefor. Under the authorities heretofore cited, she was not required to make such a showing, as the presumption of law under the circumstances of the case was that she was to be remunerated.

Numerous other questions are raised by the appellant which are purely technical and for that reason disregarded. For the error mentioned, the cause is reversed and remanded. All concur.