ALICE WEST, Respondent, v. L. R. DUNCAN and R. R. DUNCAN, partners, doing business as INDEPENDENT TIRE COMPANY, Appellants.

Springfield Court of Appeals, March 16, 1923.

1. **APPELLATE PRACTICE: Verdict Upheld.** Where the evidence is conflicting, and the jury has made a finding, the appellate court has no authority to set it aside, provided there is no error in the trial or proceedings.

2. ———: **Error not Considered, When.** Error not mentioned in the motion for new trial will not be considered.

3. ———: **Permitting Amendment of Petition During Trial Held not Reversible Error.** Where defendants did not dispute the extent of plaintiff's injuries and the petition averred that her face became so swollen that both her eyes were closed for a long time and the vision permanently impaired, it was not reversible error to permit her to amend the petition during the trial by interlining the words "a twitching of the eye" in describing the injury.

4. ———: **Contention not Sustained by Authorities Need not be Considered.** A contention not sustained by citation of authorities need not be considered.

5. **EVIDENCE: Evidence Held Admissible.** Testimony that the driver of defendant's car had stated that he had driven from one town to another in twenty-one minutes, and expected to beat that time back *held* admissible in an action for injuries resulting from collision on the return trip on the issue as to his speed and failure to turn out for the car in which plaintiff rode.

6. **TRIAL: Instruction Held not Reversible Error.** In an action for injuries in an automobile collision, an instruction to find for plaintiff if defendant, as he approached the car in which plaintiff was riding, negligently drove his car at a high, dangerous and reckless rate of speed, and negligently failed to slow down and turn his car to the right of the center of the road, *held* not reversible error as failing to define what facts will create negligence.

7. **APPELLATE PRACTICE: Instruction Held not Reversible Error as not Defining Negligence, Where Appellant asked for no Instruction on the Point.** An instruction *held* not reversible error' as failing

to define the facts necessary to create negligence, where appellants asked no instruction defining negligence.

8. ————: **Error in Part of Instruction in Conjunctive not Available.** In an action for injuries in a collision between automobiles, an instruction as to the speed at which defendant's car was driving *held* not reversble error, where it required, not only a finding of negligent speed, but also a finding that defendant negligently failed to turn his car to the right of the center of the road, which it was not contended would not be negligence.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Lincoln & Lincoln* for appellants.

*Sam M. Wear* and *Patterson & Page* for respondent.

FARRINGTON, J.—The defendants are partners engaged in the automobile and truck tire business. One of these partners, while engaged on company business, was driving an automobile from Bois D'Arc, a town some fifteen miles west of Springfield, to Springfield and collided with a car in which the plaintiff was riding as a guest. It is undisputed that the time was after sundown on a rainy day, and both cars had the lights turned on.

Defendants' car was traveling east and the car in which plaintiff was riding was going west. These two cars met in collision a little west of a culvert or small bridge in the road over which the car plaintiff was riding in had just passed. Both cars were damaged. Plaintiff recovered a judgment for $1000, and her testimony as to her injuries received in the collision amply justify the size of the verdict.

The evidence is squarely conflicting concerning the speed at which defendants' car was traveling at the

time, and as to the relative position of the two cars in the road. Plaintiff's witnesses show that the car she was in had given the road and was as near the north part thereof as it could safely go and not run into the ditch, and that when the collision occurred defendants' car was north of the center of the traveled part of the road, and that it was going at a very high rate of speed. On the other hand defendants' witnesses testify that defendants' car, at the time of the collision, was running at a speed of about twelve miles per hour and that their car was clear over on the right-hand side of the road, with the wheels on the right hand side running on the rocks and grass to the right of the traveled part of the road, and that to have given any more of the road would have put their car in the ditch on the south side.

Defendants' witnesses further show that when the cars were stopped their car was partially hanging over the south ditch, while the car plaintiff was riding in was so near the center of the road that a car could have been driven around it between it and the north ditch.

We have set out sufficient evidence to show the clear conflict in the evidence, and that if plaintiff's witnesses are to be believed there was a case made. The jury is the sole arbiter to determine this issue, and having resolved it in plaintiff's favor we have no authority in law to set it aside provided we find no error in the proceedings and trial.

The first point made by appellants is that after the trial was started the court permitted plaintiff to amend her petition by interlining the words, "a twitching of the eye," in describing the injury received. A conclusive answer to this is, no mention of this was made in the motion for a new trial, and even if it had been, it is overly technical to claim that it was error when there was no attempt by defendants to dispute the extent of plaintiff's injuries, and where the petition prior to this amendment did aver "that her nose was mashed, bruised and broken, and that her face became so swollen by

reason of said injuries that both her eyes were closed for a long time and the vision thereof permanently impaired."

The next point made in the brief is that plaintiff was permitted to show that the driver of the defendants' car while in Bois D'Arc had stated that "he drove from Springfield to Bois D'Arc in twenty-one minutes and expected to beat that time back."

Respondent properly answers this by stating that appellants cite no authorities to sustain this contention. Waiving that, however, we think the answer of the trial court, as shown by the record, when he permitted this testimony to go in, is sufficient; it was: "They charge both speed and failure to turn out; if they charge both, I think the jury have a right to consider both."

It is contended that Instruction No. 1, given for plaintiff, failed to define what set of facts in evidence will create negligence. That part of the instruction complained of is as follows: "And if you further find that the defendant L. R. Duncan, as he approached the car in which plaintiff was riding, negligently drove his car at a high, dangerous and reckless rate of speed, and if you further find that said defendant L. R. Duncan, as he approached the car in which plaintiff was riding, negligently and carelessly failed and neglected to slow down his said automobile, and if you find that he negligently and carelessly failed to turn his automobile to the right of the center of the road, and if you further find from the evidence that by reason of the negligence of the defendant in failing to slow down his automobile, if you find that he did so fail, and by reason of his negligence in failing to turn his automobile to the right of the center of the road as said automobiles were about to pass, if you find that he did so fail, his automobile was caused to collide with the automobile in which plaintiff was riding, and that by reason of such collision plaintiff was injured, then you will find the issues in favor of the plaintiff and against the defendants." The following cases

hold that this did not constitute reversible error: Mather v. Met. St. R. Co., 166 Mo. App. 142, 149, 148 S. W. 383; Sweeney v. K. C. Cable Ry. Co., 150 Mo. 385, 51 S. W. 682; Burns v. United Rys. Co., 176 Mo. App. 330, 158 S. W. 394.

We may also add that appellants failed to ask an instruction defining negligence. Another error charged against this instruction relative to the speed the defendants' car was traveling is of no avail here because it is in the conjunctive, and required not only a finding of negligent speed but in addition thereto a finding that defendant negligently failed to turn his car to the right of the center of the road, etc. It is not contended that it would not be negligent to fail to turn to the right of the center of the road, and yet before a recovery is permitted under this instruction that fact must be found, and doubtless was found by the jury trying the cause.

Something is said about the verdict being against the physical facts. The physical facts appearing in the case are entirely dependent upon which witness the jury believed. We, therefore, set out the conflict in the evidence. Finding no reversible error the judgment is affirmed. *Cox, P. J.,* and *Bradley,* J., concur.