James BIDLEMAN, Plaintiff-Respondent,

v.

MORRISON MOTOR FREIGHT, Inc., Defendant-Appellant.

No. 29001.

St. Louis Court of Appeals.

Missouri.

Dec. 23, 1954.

Morris E. Stokes, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for appellant.

William G. Phillips, Byron A. Roche, St. Louis, for respondent.

SAM C. BLAIR, Special Judge.

An intersectional collision between a motor vehicle operated by appellant's servant and one operated by respondent resulted in damage to respondent's vehicle for which he was awarded a verdict and judgment. We shall refer to the parties as they were styled in the trial court.

The collision occurred in St. Louis on Natural Bridge Road which is a multiple-lane trafficway running east and west, with four traffic lanes on each side of its center. Immediately prior to the collision both plaintiff and defendant's driver were traveling east, with plaintiff in the second lane south of the center and defendant's driver in the adjacent third lane. It is not questioned that there was substantial evidence warranting a finding that defendant's driver proximately caused the collision (1) by undertaking to pass from the rear on plaintiff's right while both were crossing the intersection of Natural Bridge Road and 25th Street, and (2) by failing to operate his vehicle as close to the right-hand side of his own lane as practicable. Further narration of the evidence is unnecessary to explain the questions presented and the rulings to be made.

The cause was submittted to the jury on the plaintiff's theory that the action of defendant's driver in undertaking to pass from the rear on plaintiff's right while crossing an intersection and his failure to operate his motor vehicle as close to the right-hand side of his own lane as practicable constituted violations of Section 304.020(2, 5) RSMo 1949, V.A.M.S., and, therefore, negligence per se.

The questions presented by this appeal concern only the propriety of a portion of one of plaintiff's instructions which was as follows: "And if you further find from the evidence that the collision and plaintiff's damage, if any, were directly caused by defendant's failure to operate its truck as close to the right-hand side of Natural Bridge as practicable, and in attempting to pass plaintiff's

automobile from the rear on its right-hand side at an intersection, then such failure to operate its truck in such a manner and such attempting to pass in such a manner, if you so find, constitute negligence on the part of the defendant under the law of the State of Missouri, and your verdict should be for plaintiff, * * *."

Complaint is made that the instruction erroneously informed the jury that it is negligence per se to pass another vehicle from the rear on its right-hand side while crossing an intersection. In Willhite v. City of St. Louis, 359 Mo. 933, 224 S.W.2d 956, it was ruled that passing on the right side of an automobile standing at an intersection on a multiple-lane trafficway was not always and necessarily negligence per se, notwithstanding such action technically violated Section 304.020(5) RSMo 1949, V.A.M.S. Varying conditions of traffic and other factors, said the court, sometimes might warrant a jury in finding that such passing was not negligent, and the ruling was that the circumstances in that case required submission of the question of negligence to the jury. The circumstances existing in this case are put forward as grounds for applying the rationale of the Willhite case to this one. The argument is advanced that neither is it always and necessarily negligence per se, *while crossing an intersection,* to pass another vehicle from the rear on its right on a multiple-lane trafficway, notwithstanding that doing so is also a violation of Section 304.020(5) RSMo 1949, V.A.M.S. On this account, and under the conditions existing, it is contended that the trial court erred by instructing that the manner of passing in the present instance amounted to negligence per se, instead of directing the jury to decide for itself whether such passing was negligence under all of the facts.

Our view of this instruction renders it unnecessary to rule on the question presented. The instruction submitted conjunctively two predicates for recovery:

(1) the driver's action in undertaking to pass from the rear on plaintiff's right while crossing an intersection and (2) his failure to operate his vehicle as close to the right-hand side of his own lane as practicable. Assuming but not deciding that the complaint made has validity, no criticism is lodged against the portion of the instruction submitting the driver's failure to operate his vehicle as close to the right-hand side of his own lane as practicable. Failure to obey the mandate of Section 304.020(2) RSMo 1949, V.A.M.S., to operate one's vehicle as close to the right-hand side of the highway as practicable is negligence per se, and the statute applies to a multiple-lane trafficway. Melber v. Yourtee, Mo.Sup., 203 S.W.2d 727, 730 [7–9].

An instruction submitting various specifications of negligence conjunctively is not held reversibly erroneous, although one or more of the submissions is defective or without evidentiary support, if at least one submission is free from error and finds support in the evidence. In Corbin v. Kansas City, C., C. & St. J. R. Co., Mo.App., 41 S.W.2d 832, 837 [7], a complaint analogous to the present one was rejected. "Complaint is made of the giving of plaintiff's instruction No. 1, which submits in the conjunctive the three acts of negligence pleaded, and directs a verdict. It is contended by the defendant that, as the instruction submits that if the crossing was not maintained according to statutory specifications, defendant was guilty of negligence *as a matter of law,* it is erroneous, because it does not require defendant to have had notice of the defective condition for such a reasonable length of time as to have afforded it an opportunity to have repaired it and does not take into consideration the Public Service Commission Act which, defendant claims, empowers such Commission to regulate the construction of railroad crossings. We need not go into the question of whether or not the matter of a defective crossing was properly submitted in the instruction, for if either one of the specifications of neg-

ligence was properly submitted, the instruction cannot be considered reversibly erroneous."

■ As observed, the present instruction submits its two predicates of negligence in the conjunctive. The jury obviously could not have returned any verdict for the plaintiff without first finding that the collision was proximately caused by the failure of the driver to operate his motor vehicle as close to the right-hand side of his own lane as practicable. The propriety of this submission stands unquestioned by this appeal. If the jury so found, and obviously it did, then the plaintiff was entitled to a verdict, regardless of the propriety or impropriety of the concurrent submission relating to the manner and place of passing and irrespective of any finding the jury made in response to it. Consequently, this questioned submission, even though improper, an issue we do not rule, on this record was not prejudicial to defendant and cannot be considered reversibly erroneous. This assignment is overruled. Careful consideration leads us to believe the rule we apply is not rendered inapplicable by Beahan v. St. Louis Public Service Co., 361 Mo. 807, 811, 812, 237 S.W.2d 105, 107; affirming a judgment previously affirmed by this court in Beahan v. St. Louis Public Service Co., Mo. App., 230 S.W.2d 173, 176–177. Consult: Bowman v. Standard Oil Co., 350 Mo. 958, 963 [2], 169 S.W.2d 384, 386 [4], cited with approval in Fantin v. L. W. Hays, Inc., Mo.Sup., 242 S.W.2d 509, 512 [7], and Block v. Rackers, Mo.Sup., 256 S.W. 2d 760, 763 [1–2, 3]. See also: Gettemeyer v. Thies, Mo.App., 51 S.W.2d 868, 869; Allen v. Wilkerson, Mo.App., 87 S.W.2d 1056, 1060 [1, 2]; Brinkley v. United Biscuit Co. of America, 349 Mo. 1227, 1243 [6], 164 S.W.2d 325, 332 [9]; Bauer v. Fahr, Mo.App., 282 S.W. 150, 151; Sanguinett v. May Dept. Stores Co., 228 Mo.App. 1161, 1171, 65 S.W.2d 162, 166; Adams v. Thompson, Mo.App., 178 S.W.2d 779, 784; Nixon v. Hill, 227 Mo. App. 312, 316, 52 S.W.2d 208, 210; Webster v. International Shoe Co., Mo.App., 18 S.W.2d 131, 133; McKenzie v. Randolph, Mo.App., 257 S.W. 126, 127; West v. Duncan, 215 Mo.App. 423, 426, 249 S.W. 127, 128; Vol. 3, Mo.Digest, Appeal and Error, ■ Vol. 4, Mo.Digest, Automobiles, ■ Vol. 22, Mo.Digest, New Trial, ■ Section 512.160, subd. 2, RSMo 1949, V.A.M.S.

Complaint is made that the instruction is so formulated as to assume as true facts which were controverted. The argument is that it informed the jury as a fact, and thereby relieved it from finding, that the defendant's driver failed to operate his vehicle as close to the right-hand side of his own lane as practicable and that he undertook to pass plaintiff's vehicle from the rear on its right-hand side while crossing an intersection. The two decisions cited to support the claim that this instruction prejudicially assumes facts in controversy are not in point. So far as it can concern this case, Osborn v. Chandeysson Electric Co., Mo.Sup., 248 S.W.2d 657, merely reiterates the general rule that instructions should not assume disputed facts. George v. Allen, 362 Mo. 971, 245 S.W.2d 848, represents an instance where the fact assumed was without support in the evidence and the assumption indulged was actually contrary to the evidence. Nothing in the record served to eliminate the assumption or to mitigate its prejudicial force. We are dealing with a different record.

■ We must assume that the jury in this case was composed of ordinarily intelligent laymen and we cannot disapprove this instruction if a careful scrutiny convinces us that it was not calculated to lead them to believe that disputed facts were to be taken as uncontroverted. Rishel v. Kansas City Public Service Co., Mo.Sup., 129 S.W.2d 851, 856 [11–15]; Mueller v. Schien, 352 Mo. 180, 188, 189; 176 S.W.2d 449, 453 [10–13].

■ The instruction is prefaced by the conditional phrase: "And if you further find from the evidence". Next it recites the facts to be found. The facts when

recited are immediately followed by the cautionary phrase: "if you so find." We are unable to see how a jury composed of ordinarily intelligent laymen, twice directed to find the facts recited, would conclude from reading this instruction that the same facts were assumed to be true, and were not in dispute and need not be found. In our judgment, the instruction assumes nothing and plainly tells the jury that it must find, as a prerequisite to a verdict, that defendant's driver failed to operate his vehicle as close to the right-hand side of his own lane as practicable and that he undertook to pass plaintiff's vehicle from the rear on its right-hand side while crossing an intersection. A decision strikingly in point, and approving an instruction identical in legal substance, is Stevens v. Westport Laundry Co., 224 Mo.App. 955, 965, 25 S.W.2d 491, 496–497. See also Jaffi v. Missouri Pacific Ry. Co., 205 Mo. 450, 471, 103 S.W. 1026, 1032; Mastin v. Emery, Bird, Thayer Dry Goods Co., 236 Mo.App. 487, 495, 140 S.W.2d 720, 724; Heuer v. John R. Thompson Co., Mo.App., 251 S.W.2d 980, 986; Ruth. v. Chicago, R. I. & P. Ry. Co., 70 Mo.App. 190, 198; Sampson v. Atchison, T. & S. F. Ry. Co., 57 Mo. App. 308, 311; Christianson v. McDermott's Estate, 123 Mo.App. 448, 454, 100 S.W. 63, 65.

■■ Furthermore, we could not hold this instruction, on this record, to be reversibly erroneous even though it might be open to the criticism lodged against it. Instructions to juries must be read as an entirety and in combination, and we must look to the whole charge to ascertain if a jury composed of ordinarily intelligent laymen, reading all of the instructions together, would believe that the court assumed facts which were in controversy. Machens v. Machens, Mo.Sup., 263 S.W.2d 724, 732 [7–8] [9]; McKeon v. Citizens' Ry. Co., 43 Mo. 405, 407; Vol. 27, Mo.Digest, Trial, ■■■■ In the instant case, the jury was informed by another instruction "that the court does not mean to assume as true or established any of the matters mentioned

or referred to in these instructions but leaves you to determine from the evidence whether such matters have been established as facts by the evidence."

Reading this last instruction and the one under criticism together, it is obvious that we would not be warranted in believing that an ordinarily intelligent jury would believe that the court assumed as beyond dispute facts which were controverted. In Green v. Kansas City, Mo. App., 107 S.W.2d 104, 105, an argument that an instruction directing a verdict assumed disputed facts was held to be fully negatived by another instruction cautioning the jury that no facts were assumed and that it should find the facts for itself. The cautionary instruction there was an exact copy of the one given in this case. For all of the reasons given, the complaint that the instant instruction assumed facts in dispute is without merit. Mastin v. Emery, Bird, Thayer Dry Goods Co., supra, 140 S.W.2d 724; Rhinelander v. St. Louis-San Francisco Ry. Co., Mo. Sup., 257 S.W.2d 655, 660.

■■ Respondent has entered a motion for damages for vexatious appeal under Section 512.160, subd. 4, RSMo 1949, V.A.M.S. The statute does not prescribe the conditions under which such damages may be allowed and the award must rest in the exercise of a sound discretion. Appellate courts are reluctant to impose a penalty for vexatious appeal and do so only when it appears from the entire record that the appeal is so devoid of merit as to force the conclusion that it was not taken in good faith. De Mayo v. Lyons, Mo.Sup., 243 S.W.2d 967. No such view will be taken and damages will not be awarded where there are reasonable grounds for the appealing litigant to believe he has a bona fide appeal or where the appeal could reasonably be the result of an honest mistake regarding the application of the law to the facts. Block v. Holly, Mo.App., 106 S.W.2d 963; Prudential Ins. Co. of America v. German Mutual Fire Ins. Ass'n of Lohman, Mo. App., 142 S.W.2d 500. Careful consid-

eration has been accorded to this record and to this motion and the arguments made in its support. Although we have concluded that the appeal is meritless, we are nevertheless unwilling, on the whole record, to say that appellant has prosecuted an appeal so meritless as to negative all reasonable theories of honest mistake regarding the application of the law to the facts, and has knowingly done so in bad faith and for mere vexation and delay. The motion must be denied.

Our review of this record discloses no reversible error and the judgment should be affirmed.

It is so ordered.

RUDDY, Acting P. J., and BENNICK, J., concur.