CHARLES W. OESTERLE v. KROGER GROCERY & BAKING COMPANY ET AL., Appellants.—141 S. W. (2d) 780.

Division One, June 28, 1940.

322

*Wayne Ely* for appellants; *Leahy, Walther, Hecker & Ely* of counsel.

*Mark D. Eagleton* and *Roberts P. Elam* for respondents; *Hall & Dame* of counsel.

DOUGLAS, J.—This is a damage suit for personal injuries caused by a collision between plaintiff's automobile and defendant's vehicle consisting of a tractor and trailer. Plaintiff was driving south on U. S. Highway 61. A light snow was falling. Near Bonne Terre the highway comes from the south curving down a hill. Plaintiff saw defendant's vehicle some 300 feet away, approaching him. Defendant's driver saw plaintiff when he was about 500 feet away. Each continued on in the proper lane. When they were about 25 feet apart the tractor abruptly turned onto plaintiff's lane, struck the front of plaintiff's automobile, continued to turn until it faced south and stopped with the trailer across the pavement. In his deposition, filed in plaintiff's case, defendant's driver explained the trailer was skidding. As he was coming down the hill he said he was "tapping" his brakes. At a cross-road the pavement was slick and the snow made it more so. When the rear wheels were on this intersection he put on the brakes which caused the trailer to skid and whip from side to side. He saw the plaintiff's automobile coming up the hill. He cut over in front of it causing the collision. The driver, on examination, denied putting on the brakes at all. Plaintiff testified that he did not see the trailer skidding at any time. The jury found for plaintiff for $10,000 and defendant has appealed.

This action is based on primary negligence. It was submitted to the jury on primary negligence. The instruction contained two elements of such negligence which were stated in the conjunctive. Recovery was bottomed on both elements, not on one *or* the other. It charged negligence in not stopping *and* in turning (onto the southbound lane of the highway) so as to cause the collision. Both charges of negligence were pleaded. Appellant does not question the submission of the charge on turning across the highway. Nor does it contend, nor could it properly do so, that the two charges were conflicting, confusing or misleading. It does complain about submitting the charge on failure to stop on the ground there was no evidence to support it. Assuming the truth of appellant's contention still it was not prejudicial error to submit such ground of negligence because recovery was not based upon it alone but in conjunction with the other ground which was amply supported by the evidence. "Requiring the jury to find for the plaintiff on two grounds of negligence, when only one of the two is necessary, is not error. It is merely requiring the jury to find negligence as to an unnecessary matter." [Berry v. Baltimore & Ohio Ry. Co. (Mo.), 43 S. W. (2d) 782; Tash v. St. Louis-S. F. Ry. Co., 335 Mo. 1148, 86 S. W. (2d) 690.]

It is true that it would be error to mix primary and humanitarian negligence in the same instruction, Mayfield v. K. C. Southern Ry.

Co., 337 Mo. 79, 85 S. W. (2d) 116, but that was not done in this case.

The principal injury claimed as a result of the collision was one to the brain. A doctor who is a specialist in nervous and mental diseases examined respondent on three occasions for the purpose of testifying at the trial. He testified that his examination showed nervousness, dilation and inequality of the pupils of the eyes and a positive Romberg which later disappeared. He found that respondent was growing worse mentally in his ability to associate and retain ideas. The usual inclusive hypothetical question based on evidence already in the case was put to the doctor. This included the facts that respondent had never before received any injury to his head nor had suffered from headaches and nervousness prior to the accident. Then the question recounted the circumstances of the collision as well as the injuries received from it and a description of respondent's then condition and ailments. From the facts stated in the question the doctor answered it was his opinion respondent was suffering from a brain injury. Appellant objected to only one element of the question and was properly overruled. None of the other elements constituting the question were even questioned. However, in the preliminary interrogation the doctor answered that for a correct diagnosis it is necessary to have the history of the patient— a ''short history of his past life as to illnesses and accidents.'' He did not repeat the history he received nor is it argued or inferred that such history was in any respect other than that included in the hypothetical question. Appellant argues that it is improper to permit in evidence an opinion based on the history of a patient's case, so to allow the doctor's answer to stand is reversible error.

It has long been settled an expert witness may base a competent opinion upon matters within his personal knowledge or observation, or upon competent evidence in the case, or upon both. Likewise it has been consistently held a physician may not base an opinion on the previous history of a case as received from the patient. [Holloway v. Kansas City, 184 Mo. 19, 82 S. W. 89; Magill v. Boatmen's Bank, 288 Mo. 489, 232 S. W. 448.] The word history as it is used covers the statements of a patient to the doctor about matters in the past not present complaints. Such a history is within the hearsay rule and therefore is not a proper foundation for an opinion which must be based on competent evidence. If, however, the so-called ''history'' is made up of facts which in themselves are competent evidence, and which are in evidence, then any objection to the use of such ''history'' must fall. On the other hand, where the opinion is based partly on the facts in evidence and partly on facts related by the patient to the doctor which are not in evidence, then of course the opinion is not competent. [Murphy v. St. Joseph Ry., etc., Co., 221 Mo. App. 670, 283 S. W. 994; Hutchinson v. Missouri Pac. Ry. Co. (Mo. App.),

288 S. W. 91.] In the instant case the doctor's opinion was based on facts in evidence assembled in the hypothetical question and was competent.

Further criticism of the doctor's testimony arises from the doctor's description of a conversation with respondent: "Well, the first time I saw Mr. Oesterle he gave a well-connected, directed history as to the accident and his complaints, and he associated his ideas normally, and his memory seemed to be intact; and the next time I saw him on May 13, 1937, he was silly, . . ." Substitute the word "account" for the word "history" and the basis of the appellant's criticism disappears. Here the doctor was properly testifying to his observation of respondent's condition as conveyed to him through respondent's speech. Further charges that the doctor's testimony was speculative, conjectural and contradictory are not sustained by the record.

The evidence shows that respondent has an injury to his brain which is permanent. His condition from the time of the injury up to the trial had gotten worse. It will not improve but might continue to worsen. Under such circumstances we do not believe the verdict was excessive.

The other contentions advanced by appellant have been considered and found to be without substance.

The judgment is affirmed. All concur.