LULA BOWMAN, Respondent, v. STANDARD OIL COMPANY OF INDIANA, a Corporation, and WILLIAM STUMPF, Appellants.—No. 38266.—169 S. W. (2d) 384.

Division Two, March 25, 1943.

*Moser, Marsalek & Dearing* for appellants.

960

*Mark D. Eagleton, James A. Waechter* and *Donald Gunn* for respondent.

BOHLING, C.—Lula Bowman recovered a judgment for $12,500 against the Standard Oil Company of Indiana, a corporation, and William Stumpf for injuries sustained in a highway intersection collision between automobiles. She submitted her action on defendants' negligent failure to avoid the collision by stopping and by warning under the humanitarian doctrine. Defendants appeal and question the submissibility of plaintiff's cause, said humanitarian instruction and the amount of the judgment.

Carter avenue and Prairie avenue are intersecting streets, 35 or 36 feet from curb to curb, in the city of St. Louis, Carter avenue being

an east and west street and Prairie avenue being a north and south street. In the center of said intersection is an automatic traffic light signal, supported on a standard. The accident occurred about 3:30 P. M. on December 21, 1939, a dry, clear day. Plaintiff was on the front seat of her husband's 1930 Nash sedan, which was being operated east by Mr. Bowman along the center of the south half of Carter avenue. One of the Standard Oil Company's trucks, operated by defendant Stumpf, an employee, in the furtherance of the corporate business, was proceeding north along the east side of Prairie avenue. According to testimony on behalf of plaintiff, the Nash sedan approached said intersection "right around ten miles an hour." When it was 25 or 30 feet west of Prairie, Mr. Bowman saw the Standard oil truck approaching between 25 and 30 miles an hour and 150 to 175 feet south of the intersection. He looked at the traffic signal when about 25 feet west of the intersection. It was "green" and he continued on a straight course through the intersection. When he next saw the truck, "it was right on me." The truck's bumper struck the center of the front door of the sedan when the front of the sedan was about 5 feet east of the east curb of Prairie, stopped the progress of the sedan and pushed it about a foot to the north. After the accident the truck's bumper was inside the sedan on the seat where plaintiff had been sitting. Mrs. Bowman received injuries in the collision. Plaintiff had other testimony that the traffic signal was at "go" for the Bowman sedan; that it did not change until the instant of impact, and that the sedan was about even with the standard in the intersection when the truck was 50 feet south of the intersection.

Mr. Bowman testified on cross-examination that he was traveling 10 or 15 miles an hour and could, if he were ready to push the brakes down, stop within 2 or 3 feet.

Defendant Stumpf testified that he saw the sedan approach on Carter a little farther from the corner than he was when his truck was 40 to 60 feet south of the intersection; that about that time he slowed the speed of the truck, which had been about 18 to 20 miles an hour; that the ▆▆ traffic signal showed "green" for north and south traffic and did not change until after the collision; that he assumed the sedan would stop at the intersection; that, however, it continued straight ahead without changing its speed or course or swerving; that when the sedan crossed the west curb of Prairie avenue he realized the operator, who did not turn his head or indicate he was aware of the truck, was not going to stop and didn't intend to stop; that the truck was then within 5 or 6 feet of the south curb of Carter, moving 9 or 10 miles an hour, and he forcibly applied the foot and emergency brakes and turned toward the right in an unsuccessful effort to avoid the collision.

There was testimony from which the jury could find that the truck could be stopped at the time and place in question in the distances indicated for the respective speeds per hour, viz.: In 22 feet at 10 miles an hour; in 30 to 33 feet at 15; in 40 to 44 feet at 20 miles; in 55 to 57 feet at 25 miles; in 77 feet at 30 miles.

Plaintiff made a submissible humanitarian case. Conflicts in the testimony were for the jury. From defendant Stumpf's testimony findings were justified that the operator of the sedan was oblivious of the nearness of the truck's approach; that Stumpf admittedly knew this fact and, consequently, the peril arising therefrom. But the jury did not have to take Stumpf's narration. From plaintiff's testimony, the sedan had the right-of-way across the intersection and even though its operator were negligent, the truck's operator was not relieved of his duties under the humanitarian doctrine to act on reasonable appearances at a time when action was still to be effective. Perkins v. Terminal Rd. Ass'n, 340 Mo. 868, 878, 102 S. W. (2d) 915, 919[3]; Dutcher v. Wabash Rd. Co., 241 Mo. 137, 164, 145 S. W. 63, 70; Allen v. Kessler (Mo.), 64 S. W. (2d) 630, 633[4]. That duty commenced in the circumstances here when the jury could say that Stumpf knew, or should have known, that the operator of the sedan was intent on pursuing his course across the path of the truck, oblivious to the impending peril of a collision. Homan v. Missouri Pac. Rd. Co., 334 Mo. 61, 78, 64 S. W. (2d) 617, 624[12]; McCall v. Thompson, 348 Mo. 795, 801[2], 155 S. W. (2d) 161, 164 [2], citing cases. The jury could find that an effective stop of the truck could have been made sometime after the sedan had entered the intersection.

Plaintiff predicated a recovery on defendants' negligence in failing to stop and in failing to warn under the humanitarian doctrine, submitted in the conjunctive throughout. Defendants assert obliviousness is a constitutive factual element of a humanitarian submission on failure to warn and say the instruction is erroneous in that it omitted any requirement of a finding that the operator of the sedan was oblivious of the nearness of the truck's approach. They cite Pentecost v. St. Louis Mer. Br. Ter. Rd. Co., 334 Mo. 572, 577, 66 S. W. (2d) 533, 535[2]; Lotta v. Kansas City Pub. Serv. Co., 342 Mo. 743, 751[2], 117 S. W. (2d) 296, 300[4], citing cases; and Stanich v. Western Union Tel. Co., 348 Mo. 188, 192[1], 153 S. W. (2d) 54, 56[1]. This contention was ruled against defendants in Perkins v. Terminal Rd. Ass'n (Banc), 340 Mo. 868, 880(II), 102 S. W. (2d) 915, 920(II), followed in Schneider v. Terminal Rd. Ass'n, 341 Mo. 430, 437[2], 107 S. W. (2d) 787, 790. Whether differences justifying a distinction exist under the humanitarian doctrine between, on the one hand, a duty to warn and, on the other, a duty to stop, slacken speed or swerve with respect to obliviousness being a constitutive factual element to be incorporated in the plead-

ings and instructions for extending the imminent peril zone is of no importance here under other of our decisions; because: Legally plaintiff was entitled to recover if defendants were negligent under the humanitarian doctrine in failing to stop or negligent under said doctrine in failing to warn. We have shown that a factual case was made on defendants' duty to stop. Therefore, since plaintiff's instruction undertook to submit said two grounds of recovery in the conjunctive, error, if any, in this omission on the duty to warn was not prejudicial if the instruction appropriately required the jury to find, as by the verdict the jury did find, defendants were negligent in failing to stop. Guthrie v. St. Charles, 347 Mo. 1175, 1190 [6], 152 S. W. (2d) 91, 98[12]; Westenhaver v. St. Louis-S. F. Ry. Co., 340 Mo. 511, 519, 102 S. W. (2d) 661, 665[2]; Oesterle v. Kroger Grocery & Baking Co., 346 Mo. 321, 325[1], 141 S. W. (2d) 780, 781[3]; Wilday v. Missouri-K. T. Rd. Co., 347 Mo. 275, 279[3], 147 S. W. (2d) 431, 434[3]. Defendants make no attack on the submission of humanitarian negligence in failing to stop.

The instruction did not unduly extend the danger zone. It required a finding ▮▮▮ that the sedan and plaintiff were in a position of imminent peril of being struck and injured by the truck and that thereafter the truck could have been stopped to avoid the collision and injury. Defendants' instructions told the jury the peril had to be immediate and impending, not uncertain or contingent. The duty arises when peril becomes imminent. This does not necessarily mean that injury be certain. Plaintiff's instruction was sufficient in this respect. See Perkins v. Terminal Rd. Ass'n (Banc), 340 Mo. 868, 882, 884, 102 S. W. (2d) 915, 921[11, 13]; Buehler v. Festus Merc. Co. (Banc), 343 Mo. 139, 159, 119 S. W. (2d) 961, 970[11, 12]; Hilton v. Terminal Rd. Ass'n, 345 Mo. 987, 993[4, 5], 137 S. W. (2d) 520, 522[4, 5].

Defendants attack the conclusion or "even though" portion of plaintiff's humanitarian instruction.

The instruction, in the conjunctive throughout, required findings on the part of the jury, among others, that defendants could have but failed to stop to avoid the collision and injuries; that such failure constituted negligence; that such negligence was a direct and proximate cause of the collision and injuries, and concluded: "then your verdict should be in favor of the plaintiff and against the defendants herein, and this is true even though you may further find and believe from the evidence that plaintiff's husband, Charles Bowman, was guilty of negligence in getting said Nash automobile into the aforesaid position of imminent peril, if any."

Defendants recognize that "contributing" negligence would not exonerate them; but state the language employed "includes not only negligence on Bowman's part contributing to bring about the collision, but negligence which is the sole cause." They stress defend-

ants' evidence, omitting reference to plaintiff's, and quote Smithers v. Barker, 341 Mo. 1017, 1028[4], 111 S. W. (2d) 47, 53[8-11], in argument. Smithers v. Barker differed materially from the instant case on the facts. There Smithers stopped his car at the intersection and observed defendant approaching about a block away. Smithers then "edged out" into the street and stopped again, letting a car pass. He again observed defendant's approaching car. Smithers started up. The collision followed. The court held (341 Mo. 1017, 1024[2, 3], 111 S. W. (2d) 47, 51[4-7]) Smithers' humanitarian instruction unduly extended, under the facts, the imminent peril zone, vide: "The only kind of a humanitarian case plaintiff could make, under the *actual facts* that he stated, was one in which plaintiff's position of imminent peril began and defendant's duty arose after he came into the path of defendant's car or so near thereto that he was then unable to keep from going into it. We, therefore, hold that it was prejudicial error to submit a position of peril and a duty upon defendant to act everywhere and at all times after plaintiff's car was 'entering into, upon and crossing said intersection.' "

After so ruling, the court took up defendant's complaint against the "even though" portion of said instruction, which complaint was, as disclosed by the court of appeals' opinion (97 S. W. (2d) 124(d), 125) and the briefs filed here (341 Mo. l. c. 1019), that the "even though" paragraph of the instruction injected foreign and prejudicial issues into the case, i. e., the immateriality of Smithers' negligence and drunkenness. (See issue in State ex rel. v. Shain, 343 Mo. 1066, 1070, 124 S. W. (2d) 1097, 1098.) This issue has been ruled against a defendant several times, as it was there again explicitly ruled. Smithers v. Barker, 341 Mo. 1017, 1028[4], 111 S. W. (2d) 47, 53[8]; Melenson v. Howell, 344 Mo. 1137, 1147, 130 S. W. (2d) 555, 561.

What we have said distinguishes the two cases. However, a more extended discussion may be justified because other defendants also have seized upon observations arguendo (not rulings on contested issues) made in Smithers v. Barker as a ruling that the "even though" portion of a plaintiff's humanitarian instruction eliminates the defense of sole cause. Smithers v. Barker is to be read in the light of the issue before the court and the fact that Smithers' humanitarian instruction unduly extended the imminent peril zone, which latter fact might well cause such an instruction to infringe upon a defendant's sole cause defense. We think subsequent rulings of this court demonstrate that had said humanitarian instruction correctly restricted the danger zone as limited in the preceding portion of that opinion there would have been no occasion for the observations here urged.

In Blunk v. Snider (Mo. App.), 129 S. W. (2d) 1075, 1081, 1083 [10], the plaintiff's humanitarian instruction informed the jury that if they found certain facts to exist, "then you are instructed

966

that regardless ▮▮▮ of any other fact or circumstance in evidence, your verdict must be in favor of the plaintiff and against the defendant.'' This was held not to eliminate consideration of plaintiff's negligence being the sole cause. Upon certiorari in State ex rel. Snider v. Shain (Banc), 345 Mo. 950, 956, 137 S. W. (2d) 527, 530, said ruling was considered not to conflict with Smithers v. Barker, the court reasoning in part: ''Of course, if the jury found that the injuries were the *direct result* of defendant's negligence, they couldn't find that they were due to the sole negligence of plaintiff.'' Defendants do not undertake to answer this reasoning. Brown v. Alton Rd. Co. (Mo. App.), 151 S. W. (2d) 727, 745[31-40]. Consult State ex rel. v. Shain (Banc), 346 Mo. 681, 694[11, 12], 143 S. W. (2d) 233, 240[16, 17]; Melenson v. Howell, 344 Mo. 1137, 1147[5, 6], 130 S. W. (2d) 555, 560[15, 16].

Plaintiff's contributory negligence will defeat a recovery for defendant's primary negligence. In proper instances the humanitarian doctrine permits a recovery notwithstanding plaintiff's contributory negligence. Mere contributing negligence of a third person, like a plaintiff's contributory negligence in a humanitarian situation, does not exonerate a negligent defendant. The purpose of the conclusion to a plaintiff's humanitarian instruction is to inform the jury of this principle of law—as established a principle of law in this jurisdiction as the principle of law to which it constitutes an exception. We perceive of no legal reason for withholding either principle of law from a jury of laymen. Melenson v. Howell, supra; State ex rel. v. Shain, 343 Mo. 1066, 1072, 124 S. W. (2d) 1097, 1100. The more clearly the instruction is worded the more appropriately it states the law. See instruction in Kick v. Franklin, 345 Mo. 752, 762[3], 137 S. W. (2d) 512, 515[7, 8], expressly referring to contributing negligence. While a humanitarian submission usually proceeds on the theory a factual issue exists with respect to plaintiff's contributory negligence, it does not necessarily follow that in every such submission the plaintiff has been guilty of contributory negligence as a matter of law or as a matter of fact or that a submissible issue has been made thereof. A plaintiff, if so inclined, may voluntarily narrow his submissible issues. In the instant case there is no contention that plaintiff was contributorily negligent. Instructions are construed as a whole; words, phrases, clauses or paragraphs are not to be torn from their settings. The words in the conclusion: ''then,'' ''and this is true even though you may further find and believe,'' and ''aforesaid'' unquestionably referred to what was said in the first part of the instruction; i. e., that portion which explicitly conditioned a plaintiff's verdict upon hypothesized negligence of defendants which directly and proximately contributed to plaintiff's injuries. Logically if defendants were thus negligent, it was impossible for the negligence, if any, of plaintiff or a third person to be

the sole cause of plaintiff's injuries. Litigants, plaintiffs and defendants, are entitled to submit proper instructions covering the principles of law upon which they rely when supported by substantial evidence. Submissions are not made on an adversary's evidence defeating a recovery or a defense. Smithers v. Barker does not hold that a properly worded humanitarian instruction, including its conclusion, deprives a defendant of a sole cause defense.

The jury returned a verdict of $20,000. The trial court conditioned a new trial upon plaintiff remitting $7,500. This plaintiff did. Defendants contend the resulting $12,500 judgment is excessive.

At the time of the collision, plaintiff was 61 years of age. She had been suffering from diabetes for eight years. She had a diabetic stroke six months before the collision, which temporarily prevented her from talking or walking. She was getting better and walking around at the time of the accident. In the collision plaintiff suffered a fracture of her left femur at the neck of the bone, (described as one of the hardest of the body to heal), some injuries to her right shoulder, her right hip region and a laceration on the right side of her forehead. Plaintiff still had some limitation of motion in her right shoulder at the time of the trial, December, 1941. These last mentioned injuries were stated to be of no great consequence when compared with the fractured femur. The surgeons first attempted to put a nail through the two parts; "but she was unable to stand the pain that accompanied this procedure, and, due to the fact that at the time she was rather a severe diabetic, we just impacted the two parts," so the fractured ends would dovetail into each other. Plaintiff's age and her diabetic condition retarded the healing processes. The testimony ▆▆▆ was that her condition had become permanent. There had been no union of the bone parts. They were being held together slightly by fibrous tissue, which was considered permanent but inadequate. We understand plaintiff will always have to use some artificial assistance in walking, crutches (which she was using at the time of trial), a shoe with a thick bottom, or a walking caliper splint. Plaintiff has suffered and will continue to suffer pain, especially if she attempts to put weight on her leg.

A jury returned a verdict in favor of plaintiff for $7,600 at a previous trial. Plaintiff voluntarily entered a remittitur of $100 and a new judgment for $7,500 was entered. However, defendants' motion for new trial was sustained on the grounds said verdict was against the weight of the evidence and for error in plaintiff's instructions.

Morris v. E. I. Du Pont de Nemours & Co., 346 Mo. 126, 133, 139 S. W. (2d) 984, 988[8], states: ". . . we must give some consideration to the amount which other cases have held to be fair and reasonable compensation for similar injuries." In Christiansen v. St. Louis Pub. Serv. Co., 333 Mo. 408, 419[7], 62 S. W. (2d)

828, 833[9], plaintiff suffered somewhat comparable injuries with like results. There a judgment for $18,000 was reduced to $15,000. Bertha Christiansen was 51 years of age and was earning $85 a month in addition to room, board, and laundry. She was confined to a hospital for about fifty weeks. A bone graft was attempted. She was in a cast for several months. She suffered much pain and discomfort. She incurred $1,900 hospital and medical expenses. She was cared for at her sister's home "for many months." She lost over $2,000 in earnings. She was incapacitated at the time of trial. The elements of Miss Christiansen's reasonable compensation embraced the nature and extent of her injuries and whether permanent, her physical pain and mental anguish, her liability for medical treatment and attention, her loss of earnings and diminished earning capacity. Mrs. Bowman's measure of damages instruction embraces no liability for medical treatment and attention or loss of earnings, past or prospective. Giving consideration to these items in the Christiansen case would reduce the comparable damages to $11,000 or less. Consult also Pitcher v. Schoch, 345 Mo. 1184, 1199[10], 139 S. W. (2d) 463, 471[18]. The $20,000 verdict was excessive. Notwithstanding the trial court directed a remittitur, we believe a judgment in excess of $10,000 should not be permitted to stand.

If plaintiff will enter a proper remittitur within ten days, the judgment will be affirmed for $10,000 as of the date of original rendition. Otherwise, the cause is reversed and remanded. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM :—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. *Tipton, J.,* and *Leedy, P. J.,* concur; *Ellison, J.,* concurs in result.