HULDA CORLEY v. KROGER GROCERY & BAKING COMPANY, a Corporation, Appellant.—No. 39726.—193 S. W. (2d) 897.

Division Two, April 30, 1946.

*Wayne Ely* for appellant.

6

*William Kohn* for respondent.

BOHLING, C.—Hulda Corley obtained a judgment of $3,000 for personal injuries sustained in a fall at the entrance of one of the stores of Kroger Grocery & Baking Company, a corporation, and the defendant appealed. One of the Judges of the St. Louis Court of Appeals believing the cause should be remanded for a new trial dissented from an opinion reversing the judgment and the cause was certified here for determination. See 189 S. W. 2d 178, where the facts may be found in greater detail than herein set forth.

Mrs. Corley lived in an apartment building about four blocks from one of defendant's stores in St. Louis. On bad days she would shop in a small store in the apartment building, but had been making purchases at defendant's store two or three times a week for two or three months. The entrance to the store was described as six feet wide and three feet deep, flanked by show windows, and from seven to eight inches above the sidewalk level. This entrance, or vestibule, was of concrete with a metal strip at the sidewalk edge of about eighteen inches deep across its seven feet of width. The strip originally had grooves. Plaintiff testified she had had no occasion to and had not noticed this strip on any of her previous visits to the store. The family was having company on the evening of January 18, 1943, and, as plaintiff desired something better than usual for dinner, she proceeded to the "Kroger" store about 2:00 P. M. notwithstanding it was a cold day (18 degrees above zero) and had been snowing off and on up to 12:30 P. M., with the wind blowing flurries of snow. There was a film of snow on the sidewalks and on the step leading into defendant's store. When plaintiff arrived at the entrance to defendant's store and stepped upon the metal strip, her foot slipped and she sustained injuries when she fell. Her clothing brushed the film of show off the step and then, as she started to get up, for the first time she noticed there was a spot in the middle of the iron strip where she had slipped which was "very smooth and slick," "worn as smooth as glass," "smooth looking, shiny," and slightly damp. On the issue of notice to defendant, plaintiff testified that when she went into the store defendant's manager told her upon being informed she had fallen: "You are the third person that fell there today."

No point is made respecting the pleadings. Plaintiff's recovery instruction predicated a finding of actionable negligence upon specific findings that the metal strip "was at the time worn, smooth, slick, slippery, dangerous, and not reasonably safe to step or walk upon, and that it was especially dangerous when wet and covered with snow" and a finding that the metal strip "was at the time wet and covered with snow, and that thereby the step was rendered especially dangerous for use by pedestrians" and that defendant, in the exercise of due care, could have but did not remedy the condition aforesaid or duly warn plaintiff.

The Judges of the Court of Appeals divided on the issues of a case made and plaintiff's contributory negligence as a matter of law. We think the majority of the Court of Appeals inadvertently overlooked testimony to the effect that the smoothness of the metal strip was hidden from view at the time by a film of snow.

The law is sufficiently stated in the opinions of the Court of Appeals and the cases infra. Plaintiff's theory of defendant's actionable negligence embraced the issue that the metal strip had become worn smooth in the middle by many persons stepping upon it;

that when covered with a film of snow, this smoothness and the absence of grooves were concealed from view; that in the natural course of events defendant could reasonably anticipate the step would become moist and when moist would be slick, slippery and dangerous when such condition was hidden from the view, as by a film of snow, and that defendant had notice of all of this for a sufficient time to have corrected the situation or have warned plaintiff of the danger. The grooves were not worn off and the strip worn smooth in the middle in so short a time that, in the exercise of due care, it could not have been remedied or warnings of its condition given when the course of natural events required a warning in the absence of repair. Two persons had fallen on the step that day prior to plaintiff's fall. A finding that defendant had notice and a superior knowledge over plaintiff of the condition was within the evidence. Plaintiff's recovery is not restricted to the fact that there was snow on the metal strip. The snow blotted out the smoothness underneath. The snow was obvious but the smoothness underneath was hidden by the snow. It was the combination of the snow and the smoothness of and moisture on the metal strip that occasioned plaintiff's injuries. A defendant is liable if his negligence legally concurs with the act of another in causing the injury. Harrison v. Kansas City El. L. Co., 195 Mo. 606, 622 (I), 93 S. W. 951, 956(1), and cases there cited; Gray v. Kurn, 345 Mo. 1027, 1043[5, 6], 137 S. W. 2d 558, 566[9-12]. The causal connection between the smooth condition of the metal strip and plaintiff's fall was for the jury. Plaintiff had proceeded four blocks over the snow to the place of her fall. In answer to defendant's cross-examination she testified that there was a film of snow all the way from her apartment to defendant's store; that this film of snow did not make walking difficult, and that she had no trouble walking until she "hit this strip." The issue of actionable negligence was for the jury. Cameron v. Small (Mo.), 182 S. W. 2d 565, 568[7]; State ex rel. v. Hughes, 346 Mo. 938, 144 S. W. 2d 84, sustaining Bankhead v. First Nat. Bk. (Mo. App.), 137 S. W. 2d 594; Glasgow v. St. Joseph, 353 Mo. 740, 746, 184 S. W. 2d 412, 414; Lang v. J. C. Nichols Inv. Co., 227 Mo. App. 1123, 1134, 59 S. W. 2d 63, 69; Hilliard v. Noe (Mo. App.), 198 S. W. 435; Studer v. St. Joseph (Mo. App.), 185 S. W. 1196, 1197[3-5]. Note what is said arguendo in Williams v. Kansas City Term. Ry. Co., 288 Mo. 11, 19(2), 231 S. W. 954, 956[3].

Nor was plaintiff's right to recover barred by negligence, if any, on her part as a matter of law. With the smoothness and moistness of the metal strip hidden by the snow, any danger arising from its smooth condition was not perfectly obvious to plaintiff, who was going to the store for the first time on a bad day. Had she had knowledge of this smoothness, its dangerous condition was not of such a nature as to necessarily cause one using it in entering defendant's

store to be guilty of contributory negligence as a matter of law. See Butler v. University City (Mo. App.), 167 S. W. 2d 442, 446[8, 9, 11]; Maus v. Springfield, 101 Mo. 613, 618(II), 14 S. W. 630, 631, 20 Am. St. Rep. 634; Young v. Waters-Pierce Oil Co., 185 Mo. 634, 666(II), 84 S. W. 929, 938(2).

There was no error in admitting plaintiff's testimony that defendant's store manager told her she was the third person to fall there that day, which was statedly admitted on the specific issue of notice on the part of defendant. State ex rel. S. S. Kresge Co. v. Shain, 340 Mo. 145, 152, 158, 101 S. W. 2d 14, 17, 21, cited by defendant, recognizes the propriety of the testimony on the stated issue. Consult Moses v. Kansas City Pub. Serv. Co. (Mo. App.), 188 S. W. 2d 538, 545[11]. Defendant's objection on the ground the evidence had been improperly admitted to plaintiff's counsel's reference to the evidence in argument calls for the same ruling.

The record fails to sustain the assertion in defendant's brief that counsel was permitted to argue, over objection, that defendant's manager had testified in a deposition "that this step was smooth, worn and slippery." Defendant's manager was present in court. His deposition was not read. He was not called to the stand. Our examination of the record discloses that defendant at the time was objecting to the statement defendant's manager would have testified that other women fell there that day, because "that is not true." This is not the issue in defendant's brief. The asserted error is not before us for determination. Bragg v. Metropolitan St. Ry. Co., 192 Mo. 331, 342, 91 S. W. 527, 530; Busch v. Louisville & N. R. Co., 322 Mo. 469, 482(3), 17 S. W. 2d 337, 341[12]; State v. Mosier (Mo.), 102 S. W. 620, 627[7]. Defendant's counsel in argument, stated he did not call the manager because he thought plaintiff did not make a case, and he did not want the manager to testify the step was worn and smooth, and: "We don't dispute anything she [plaintiff] says, not a word . . . ." In view of these circumstances and of plaintiff's testimony concerning what the manager told her, the argument so far as reached by the objection interposed was not legally prejudicial. Consult 64 C. J. 269, Secs. 289, 290.

There is another attack against the argument of plaintiff's counsel but the record discloses the court fully sustained defendant's objection. Hence, there is no ruling upon which to base prejudicial error.

Defendant asked a general and three specific burden of proof instructions. The court gave the general instruction but refused the three instructions covering separate charges of negligence. Defendant alleges error. The specific instructions need not be taken up individually. A sufficient reason applicable to their refusal was the giving of the general instruction on plaintiff having the burden of proving defendant's negligence, which instruction was in the usual form. The refused instructions, restricted to a specific

charge of negligence, were within the broader terms of the given instruction. Consult Miller v. Williams (Mo.), 76 S. W. (2d) 355, 357[7]; De Moulin v. Roetheli, 354 Mo. 425, 189 S. W. 2d 562, 567 [10]. Any repetition in instructions rests largely in the discretion of the trial court. Mendenhall v. Neyer, 347 Mo. 881, 889, 149 S. W. 2d 366, 371[6].

On the ground that plaintiff's verdict-directing instruction was broader than the evidence defendant claims error alleging it "permitted the jury to find that the step was 'slick, slippery, dangerous, and not reasonably safe to step or walk upon' when dry." We assume, without discussion or holding, that the step, as defendant asserts, was not dangerous when dry. Then, defendant's contention would be well taken if plaintiff had predicated a recovery on the stated ground; but the contention ignores other conditions upon which the instruction predicated a verdict for plaintiff. The instruction submitted several grounds of pleaded negligence, each sufficient in law when proved to uphold a recovery, in the conjunctive; for instance, the ground hereinbefore held to have been established by substantial evidence. This causes the instruction to fall within rulings to the effect that where plaintiff's verdict-directing instruction submits several charges of negligence in the conjunctive and there is substantial evidence establishing one or more but not all of said charges, the giving of the instruction is not reversible error. Potterfield v. Terminal Rd. Ass'n, 319 Mo. 619, 631, 5 S. W. 2d 447, 452[6]; Guthrie v. St. Charles (Banc), 347 Mo. 1175, 1190[6], 152 S. W. 2d 91, 98[12]; Lindquist v. Kansas City Pub. Serv. Co., 350 Mo. 905, 909[2], 169 S. W. 2d 366, 368, citing cases; Adams v. Thompson (Mo. App.), 178 S. W. 2d 779, 784[11, 12]. The technical ground for error that the instruction is broader than the pleadings or evidence yields to its nonprejudicial effect resulting from plaintiff assuming an unnecessary burden.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.