ZADA BEAHAN, Plaintiff-Respondent, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant, CITY OF ST. LOUIS, MISSOURI, Defendant, No. 42172—237 S. W. (2d) 105.

Court en Banc, February 12, 1951.

Rehearing Denied, March 12, 1951.

808

*Mattingly, Boas & Richards* and *Lloyd Boas* for appellant.

*Douglas H. Jones, N. Murry Edwards* and *Ninian M. Edwards* for respondent; *Jones, Connell & Jones* of counsel.

[105]   TIPTON, J.—This is an action for personal injuries sustained by respondent while in the act of alighting from a motor bus operated by appellant in which she had been a passenger.   [106] The city of St. Louis was also a defendant in this case.   The jury returned a verdict for both the appellant and the defendant city. The trial court sustained respondent's motion for a new trial as to the appellant but overruled the motion as to the defendant, the city of St. Louis.   The action of the trial court was affirmed by the St. Louis Court of Appeals in an opinion reported in 230 S. W. 2d 173.   On application of the appellant we ordered the cause transferred to this court.

On June 4, 1945, respondent was a passenger on a Delmar bus operated by appellant and as she alighted from this bus at the Fourteenth Street stop she stepped into a hole in the sidewalk which caused her to fall.   As a result thereof she was injured.   This hole

was caused by reason of a broken or worn area along a seam in the sidewalk extending back from the curb some 8 or 10 inches. Respondent contends that appellant was negligent in stopping the bus at this place because this hole in the sidewalk made this place unsafe and dangerous for passengers to alight from the bus. There is no evidence that denies that the hole existed but both respondent and the operator of the bus testified they had never seen the hole prior to the day of this accident.

The trial court sustained respondent's motion for a new trial because he gave instruction No. 5 at the request of appellant. This instruction reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion in question the operator of defendant, St. Louis Public Service Company's motor bus did not, and by the exercise of the highest degree of care, could not have seen the defect on the sidewalk, or having seen said defect, would not, in the exercise of the highest degree of care, have considered said defect to be dangerous, and further find that in stopping said bus at said point to discharge plaintiff and other passengers defendant, St. Louis Public Service Company, was exercising the highest degree of care and that he was not negligent, then you are instructed that plaintiff cannot recover against defendant, St. Louis Public Service Company, and your verdict must be for that defendant."

[█] Respondent contends that the instruction is erroneous because it limits the negligence to the bus driver alone and not to other employees of appellant who may have known of the alleged dangerous stopping place, and that this instruction usurped the province of the jury by relieving respondent from liability if the driver, though he knew of the defect in the sidewalk, yet if he exercised the highest degree of care he would not have considered it dangerous.

However, appellant contends that the instruction is a proper converse of respondent's recovery instruction; that there was no issue regarding negligence on the part of any other of its employees except the bus operator; and that that part of the instruction which told the jury "or having seen said defect, would not, in the exercise of the highest degree of care, have considered said defect to be dangerous," even if erroneous when given in the conjunctive with the further finding that appellant was exercising the highest degree of care in stopping where it did, could have been prejudicial.

There is no evidence that any other employee of appellant had anything to do with causing the bus to be stopped at the particular point except this bus driver, and if appellant is to be held liable under the specific negligence pleaded and submitted, it was solely because of the negligence of this driver of the bus.

In the case of La Vigne v. St. Louis Public Service Co., 181 S. W. 2d 541, we held a similar instruction to be erroneous. However, that case was submitted under the res ipsa loquitur doctrine while the case at bar was submitted under specific negligence. For that reason we think that case is distinguishable from the case at bar.

However, we are of the opinion that this instruction is erroneous insofar as it directed a verdict for appellant upon the alternative predicated that the driver "(or) having seen said defect, would not, * * * have considered said defect to be dangerous," this for the reason that whether [107] or not a person exercised a proper degree of care is not to be determined by reference to his own personal judgment in the situation. The law "does not permit him to make the determination of what is, and what is not, due care under the circumstances, according to his own judgment." 38 Am. Jur. 679, Sec. 33. It is fundamental that the standard by which the conduct of a person in a particular situation is to be judged in determining whether he was negligent is the care which a reasonable and prudent person would be expected to exercise under the same or similar circumstances. Mrazek v. Terminal R. R. Ass'n. of St. Louis, 341 Mo. 1054, 111 S. W. 2d 26.

The issue in this case is whether the place the driver of the bus chose for respondent to alight was in fact dangerous, and not whether the driver of the bus, in the exercise of the highest degree of care, would have believed it to be dangerous. The jury and not the driver must apply the test of proper care. If the jury found that the place was in fact dangerous, the fact that the bus driver entertained a different opinion is immaterial.

Appellant contends that even though this part of the instruction just discussed is erroneous, yet such error is not prejudicial because after hypothesizing the question that if the driver, having seen the defect, would not have considered it dangerous, was conjunctively joined with the further finding "that in stopping said bus at said point to discharge plaintiff and other passengers defendant, St. Louis Public Service Company, was exercising the highest degree of care and that he was not negligent, then you are instructed that plaintiff cannot recover against defendant, St. Louis Public Service Company, and your verdict must be for that defendant."

If we understand appellant correctly, its contention is based upon the rule frequently applied in cases where several grounds of negligence are hypothesized in an instruction conjunctively, each ground being alone sufficient to support a verdict but one or more of such grounds being unsupported by the evidence, though there is sufficient evidence to support the other hypothesized grounds of negligence, then the instruction is not prejudicial error.

"The rule is firmly fixed in the decisions that where the grounds of negligence are stated conjunctively in an instruction, and any one of such grounds is sufficient to authorize the verdict, the instruction is not to be held prejudicially erroneous because some one of the other grounds lacks supporting evidence to warrant its inclusion. When the jury, in such a situation, purports to find for the plaintiff upon all the grounds hypothesized, it necessarily finds for him upon the ground which has support in the evidence; and its purported finding upon the unsupported ground is therefore harmless to the defendant. The soundness of the rule has been brought into question (Adams v. Thompson, Mo. App., 178 S. W. 2d 779), but it has been repeatedly announced and followed, and is a controlling principle wherever it applies. Corley v. Kroger Grocery and Baking Co., Mo. Sup., 193 S. W. 2d 897; Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S. W. 2d 91; Kimbrough v. Chervitz, 353 Mo. 1154, 186 S. W. 2d 461; Oesterle v. Kroger Grocery & Baking Co., 346 Mo. 321, 141 S. W. 2d 780; Potterfield v. Terminal R. Ass'n., 319 Mo. 619, 5 S. W. 2d 447; Halley v. Federal Truck Co., Mo. App., 274 S. W. 507; Crupe v. Spicuzza, Mo. App., 86 S. W. 2d 347; Daggett v. American Car & Foundry Co., Mo. App., 284 S. W. 855." Lanasa v. Downey, 201 S. W. 2d 179, l. c. 182.

We have also held that where one of the grounds of negligence submitted is beyond the pleading, such error is not prejudicial if submitted conjunctively with a ground of negligence pleaded. Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S. W. 2d 91.

But this rule of law does not hold that if one of the grounds of negligence is an improper statement of the law, then the instruction is not prejudicially erroneous if it is submitted conjunctively with a ground of negligence that properly states the law. We have just held instruction No. 5 erroneously stated the law when it said if the driver, having seen the defect, would not have considered it dangerous. That error could not become nonprejudicial because it [108] conjunctively stated other defenses properly.

The question of whether the sidewalk was or was not dangerous should have been left to the jury's determination from all the evidence in the case. The inclusion of the element of the driver's own judgment was prejudicial to respondent's right and therefore the trial court did not err in granting a new trial against this appellant.

The order granting a new trial is affirmed and the cause remanded.

*Hollingsworth, Dalton, Leedy* and *Conkling, JJ.,* and *Hyde, C. J.,* concur; *Ellison. J.,* dissents in opinion filed.

ELLISON, J. (dissenting).— After a jury verdict for both the defendant-respondent City and the defendant-appellant Public Service Company, the trial court sustained the plaintiff-respondent's motion for new trial on the ground that it had erred against her in giving the following instruction No. 5 in behalf of the appellant Public Service Company [parenthesis and inserted letters x, y, ours]:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion in question the operator of defendant, St. Louis Public Service Company's motor bus did not, and by the exercise of the highest degree of care, could not have seen the defect on the sidewalk, ˣor having seen said defect, would not, in the exercise of the highest degree of care, have considered said defect to be dangerous, and further find that in stopping said bus at said point to discharge plaintiff and other passengers defendant, St. Louis Public Service Company, was exercising the highest degree of care and that he (the bus driver) was not negligent,ʸ then you are instructed that plaintiff cannot recover against defendant, St. Louis Public Service Company, and your verdict must be for that defendant."

As will be noted the part of this instruction between the inserted x and y tells the jury that if the bus driver, after seeing the defect in the sidewalk, "would not, *in the exercise of the highest degree of care,* have considered said defect to be dangerous, and * * *." Then the instruction continues in the conjunctive, with the further required finding that in stopping the bus at that place the driver was exercising the highest degree of care, and was not negligent.

The principal opinion holds this part of the instruction was erroneous because it alternatively predicated that the bus driver after seeing the defect in the sidewalk "would not, * * * have considered said defect to be dangerous." The reason stated for that conclusion is that this part of the instruction, as thus quoted, left it to the personal judgment of the bus driver as to whether the defect was dangerous, whereas, under the law that question must be determined from what a reasonably prudent person would conclude in the same or similar circumstances.

But in so stating the opinion omitted from its quotation of the instruction at the place marked with asterisks the phrase "in the exercise of the highest degree of care." In other words the instruction, as actually written and submitted, contained that phrase and required the jury to find that the bus driver after having seen the defect in the sidewalk "would not *in the exercise of the highest degree of care,* have considered said defect to be dangerous." (Italics ours) These italicised words did not say, or mean, the highest degree of care in the personal opinion of the bus driver, but did mean the highest

degree of care as measured by the standards of a very prudent bus driver in the same or similar circumstances.

The principal opinion further states that in LaVigne v. St. L. Pub. Serv. Co. (Mo. Div. 1) 181 SW. (2d) 541, this court held a similar instruction bad. I can see no similarity whatever between that case and this. There the suit was brought under the res ipsa doctrine, and the defendant asked an instruction No. 3 which implied that if the streetcar motorman was not negligent the plaintiff could not recover, whereas there was evidence that the [109] streetcar violently lurched and jolted, possibly from causes other than the motorman's negligence. The court held the instruction was erroneous.

In my opinion Instruction No. 5 in this case was not erroneous, and the trial court's order granting the new trial should be set aside and the cause remanded with directions to enter judgment for the appellant Service Company.