Catherine STEPHENS (Plaintiff),
Appellant,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a corporation (Defendant), Respondent.

No. 44372.

Supreme Court of Missouri.

Division No. 1.

Feb. 14, 1955.

Motion for Rehearing or to Transfer to Court en Banc or to Remand for New Trial Denied March 14, 1955.

Preston Quick, St. Louis, for appellant.

Carroll J. Donohue, Salkey & Jones, St. Louis, for respondent.

VAN OSDOL, Commissioner.

This is an action for $25,000 for personal injuries. A jury returned a verdict for defendant, and plaintiff has appealed from the judgment rendered.

Plaintiff, Catherine Stephens, alleged that she was a passenger on defendant's streetcar eastbound on Delmar Avenue at a time when the streetcar was approaching Euclid Avenue in St. Louis. Plaintiff, in stating and making out her case, relied on the inference of negligence permitted by the rule of *res ipsa loquitur*.

The trial court submitted plaintiff's case to the jury by giving plaintiff's principal verdict-directing Instruction No. 1 hypothe-sizing that plaintiff, "after boarding said streetcar, and while plaintiff was in the act of crossing over the aisle of said streetcar for the purpose of changing seats the said streetcar was stopped from a forward motion with a sudden, violent and unusual jerk and lurch," and that as a direct result thereof plaintiff was thrown backward to the floor of the streetcar and injured.

At defendant's request the trial court gave defendant's Instruction No. 3 submitting plaintiff's contributory negligence, having hypothesized in the instruction that plaintiff was safely seated on defendant's streetcar and "attempted to change seats on said streetcar when she knew or, in the exercise of ordinary care should have known, that said streetcar was moving, and was likely to come to a stop and that there was danger of falling in so doing; * * *."

Plaintiff testified that she boarded defendant's Delmar streetcar at Academy, one block west of Kingshighway, and sat in a single seat on the left side of the car, the second seat behind the motorman. The window on her left was open, and the wind was very strong and cool. "I had on no coat, so I proceeded to go towards a seat (on the right side of the streetcar) where the windows were closed, * * * as I was crossing, the car gave a sudden stop and threw me backward." When the streetcar gave "that sudden stop", she was facing the "opposite direction" from the motorman, that is, she was facing the rear of the streetcar. "The sudden stop when it stopped at Euclid is when I fell." She struck the floor with violent force and was injured. When attempting to cross the aisle from one seat to another, she held on to something "as long as I could. I couldn't hold on when the stretch was further than I was going." When attempting to change seats she knew the streetcar was moving.

Defendant introduced evidence tending to show that the streetcar was "coasting along" on schedule. Very little traffic interfered with the movement of the streetcar. When the streetcar was two or three car lengths from Euclid the operator heard "a little commotion." He

"looked back and saw a man picking up a lady." He brought the streetcar "right down to a slow stop" after he had seen there was something going on, and went back to see what the trouble was. He had been operating the streetcar "smooth and safe." Later, when he again went up to the front end, he moved the streetcar over a distance "which would probably have been two car lengths (or maybe a little more) up to Euclid Avenue."

Plaintiff-appellant contends that contributory negligence was erroneously submitted to the jury; and that Instructions Nos. 2, 3, 5, 7 and 8, given at defendant's instance, were erroneous.

■ Attending plaintiff-appellant's contention that the evidence did not justify the submission of plaintiff's contributory negligence—we find it unnecessary to analyze the evidence and to treat with its sufficiency in supporting the submission. Plaintiff is in no position to complain of the submission of her contributory negligence to the jury. In her principal verdict-directing Instruction No. 1, plaintiff, having submitted defendant's negligence (by language in effect as suggested by this court as proper in a plaintiff's principal verdict-directing instruction in a res ipsa loquitur case [Harke v. Haase, 335 Mo. 1104, at page 1111, 75 S.W.2d 1001, at page 1004]), further submitted, "that plaintiff was at said time and place in the exercise of ordinary care for her own safety." We quote the pertinent language of this court in Strother v. Kansas City Mill. Co., 261 Mo. 1, 169 S.W. 43, 50, as follows, "Plaintiff in his own quoted instruction put to the jury the issue of his due care. In that view of it we need not seek for any real ground upon which to put the issue of contributory negligence to the jury as an affirmative defense, for by invoking the judgment of the jury on his due care he thereby invoked their judgment on his lack of it, and that, in turn, spells contributory negligence." See, also, Montgomery v. Ross, Mo.Sup., 218 S.W.2d 99; Lindquist v. Kansas City Public Service Co., 350 Mo. 905, 169 S.W.2d 366; Williams v. Guyot, 344 Mo. 372, 126 S.W.2d 1137; Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S.W.2d 471; Parker v. St. Louis-San Francisco R. Co., Mo.Sup., 41 S.W.2d 386.

Instruction No. 2 given at defendant's request was as follows,

"The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in the evidence the streetcar was being operated *in a normal manner* between Kingshighway and Euclid Avenue eastbound on Delmar and that the operator heard a commotion in the streetcar while the streetcar was being operated *normally,* if you so find, and that thereafter the operator learned that a woman, Catherine Stephens, had fallen on the streetcar; and if you further find that at the time that Catherine Stephens fell the streetcar was not coming to a sudden, violent and unusual stop then your verdict must be for the defendant." (Our italics.)

■ Plaintiff complains of the use of the language we have italicized. Plaintiff asserts the instruction gave the jury a roving commission to determine what manner of operation of the streetcar was normal and evaded defendant's duty to operate the streetcar in a manner commensurate with ordinary care. Plaintiff also asserts the italicized language permitted the jury to suppose what the motorman should determine, by his own personal judgment, what was a "normal" operation in the circumstances. The cases of Beahan v. St. Louis Public Service Co., 361 Mo. 807, 237 S.W.2d 105, and Strother v. Kansas City Mill. Co., supra, 261 Mo. 1, 169 S.W. 43, are cited. In the Beahan case [361 Mo. 807, 237 S.W.2d 108] an instruction hypothesized that defendant's operator "'would not, in the exercise of the highest degree of care, have considered'" a defect in a street as dangerous. And, in the Strother case [261 Mo. 1, 169 S.W. 50] this court said it would have been better to instruct that plaintiff was required to use due care and then to define due care in accepted language, instead of instructing that plaintiff "'was bound to use his *senses and intelligence and experience.*'" These cases are not in point here. Instruc-

tion No. 2 did not submit the operator's personal, subjective standard of a normal operation, nor did it treat with a duty to exercise care. Defendant had introduced evidence that the streetcar was coasting along smoothly at the time the operator heard a commotion, that is, when plaintiff fell. The use of the terms "in a normal manner" and "normally" may not have been apt in hypothesizing the movement of the streetcar, as described by defendant's witnesses; nevertheless, the word "normal", in a sense, does negative the unusual. And here it is important to notice that the instruction was further designed to conjunctively negative and did actually negative or hypothesize the converse of the "unusual occurrence" (the essential basic factual element supporting an inference of "some kind of negligence" of defendant) which plaintiff had relied upon, pleaded and submitted as the basis for the res ipsa loquitur inference of defendant's negligence. We bear in mind that the trial court at the instance of plaintiff, as stated, submitted that defendant's streetcar "was stopped from a forward motion with a sudden, violent and unusual jerk and lurch", and we see that the instruction, in directing a verdict for defendant, required the jury to find that at the time plaintiff fell the streetcar was not coming to a sudden, violent and unusual stop. We believe the instruction was not prejudicially erroneous.

Defendant's Instruction No. 5, as given and read to the jury, was as follows,

"The Court instructs the jury that the burden of proof is on the plaintiff to show by the greater weight of the credible evidence that defendant was negligent and that plaintiff's injuries, if any, were the direct result of the negligence of the defendant.

"You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, *and if you do find and believe from all the evidence in the case that the defendant*

*was not negligent,* then your verdict should be in favor of the defendant." (Our italics.)

In the transcript on appeal, the clause we have italicized was inadvertently omitted. Although counsel in examining and in approving the transcript failed to observe the omission, and consequently failed to supply the omitted clause, we, in the interest of justice, have caused the original instruction, as given and read to the jury, to be produced for our inspection. The first paragraph of the instruction does not incorrectly advise the jury as to the burden of proof. The first ("mere fact of the occurrence") clause of the second paragraph is qualified by the second clause thereof, "if you find and believe from all the evidence in the case that the defendant was not negligent." The instruction is in language in substance the same as a defendant's Instruction "C" as suggested in Harke v. Haase, supra, 335 Mo. 1104, at page 1111, 75 S.W.2d 1001, at page 1004. An instruction, like Instruction No. 5 as given in our case, was examined and held not to be erroneous, misleading or confusing but supplementary, when read in connection with plaintiff's verdict-directing instruction in form as suggested in the Harke v. Haase case, in West v. St. Louis Public Service Co., Mo.Sup., 236 S.W.2d 308, at page 311; and again in Lukitsch v. St. Louis Public Service Co., 362 Mo. 1071, 246 S.W.2d 749. (In this connection, we believe there was no undue emphasis or repetition of advice in defendant's given instructions relating to plaintiff's burden of proving defendant's negligence.) And, as in the case of West v. St. Louis Public Service Co., supra, the instructions given, including defendant's Instruction No. 3 submitting contributory negligence; and defendant's Instructions Nos. 2, 5, 7 and 8 (fully set out herein), considered as a whole and in combination, do not seem to be so repetitious as to confuse and mislead the jury.

Instruction No. 7, given at defendant's request, was as follows,

"The Court instructs the jury that in deliberating upon this case, it is your

duty to decide first whether or not under all of the facts and circumstances in evidence there is or is not any negligence upon the part of the defendant, as submitted and defined by other instructions. Until this question of negligence has been determined by you, you have no right to consider the amount, if any, that plaintiff may be entitled to recover.

"If the plaintiff is not entitled to recover, then in your deliberations you should not consider the amount of damages.

"Neither passion, prejudice nor sympathy should influence you in deciding this case, for it is your sworn duty to try this case and to decide it according to the evidence and the instructions of the Court."

■ Plaintiff-appellant contends the instruction is erroneous because it did not require the jury to first find that defendant must be found guilty of negligence before deliberating upon the issue of contributory negligence. It is true that defendant was not liable unless negligent, and it is also true that defendant in this case, if negligent, was not liable if plaintiff was guilty of negligence which combined and concurred with the negligence of defendant in directly causing plaintiff's injury. This seems to be in effect the reasoning of the court in Clark v. Trilinsky, Mo.App., 170 S.W.2d 459, cited by plaintiff-appellant. Although plaintiff's negligence technically could not be called "contributory" unless it combined and concurred with negligence of defendant in directly causing an injury, no case has been cited which requires or suggests that the jury should be instructed or cautioned to consider the issue of defendant's negligence before considering the issue of plaintiff's negligence, and we doubt the advisability of attempting to so govern the order of the jury's deliberations on these issues. Anyhow, plaintiff herein did not proffer an instruction advising the jury to determine these issues in that order.

■ Instruction No. 7 was given to caution the jury that, in the jury's deliberations,

plaintiff's right to recover or defendant's liability should be determined before the amount plaintiff might be entitled to recover should be considered. See the instruction (No. 8) considered by this court as not without the proper exercise of the trial court's discretion in Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366. In our case, plaintiff's right to recover, or defendant's liability, could be determined only by a finding in favor of plaintiff not only on the issue of defendant's negligence, but also on the issue of plaintiff's contributory negligence. However, the instruction advising the jury of a duty to first decide whether there was "negligence upon the part of the defendant" instead of advising the jury to first decide whether plaintiff was entitled to recover, could not have been prejudicial to plaintiff.

■ Plaintiff-appellant further complains of the use of the word "sympathy" in the third paragraph of the instruction. This phase of the instruction, and the instruction in its entirety, as well as Instruction No. 8, set out infra, were cautionary in nature. We cannot say, from the record, that the trial court abused its discretion in giving them. The giving (or refusal) of cautionary instructions is within the sound discretion of the trial court and where, as here, the trial court has endorsed the propriety of cautionary instructions by overruling a motion for a new trial, an appellate court will not interfere unless the trial court's exercise of discretion has been clearly abused. West v. St. Louis Public Service Co., supra, and cases therein cited; Williams v. Guyot, supra; Wolfson v. Cohen, Mo.Sup., 55 S.W.2d 677. See, also, Johnson v. St. Louis and S. R. Co., 173 Mo. 307, 73 S.W. 173, cited by plaintiff-appellant, wherein a "sympathy" instruction was refused.

The trial court at defendant's request gave Instruction No. 8, as follows,

"The Court instructs the jury that negligence is not in law presumed, but must be established by proof as explained in other instructions.

"Neither are you permitted to base a verdict entirely and exclusively upon mere surmise, guess work and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that defendant was liable without resorting to surmise, guess work and speculation *outside of and beyond the scope of the evidence,* and the reasonable inference deductible therefrom, then it is your duty to, and you must, return a verdict for defendant." (Our italics.)

 Here, plaintiff-appellant contends the advice that "negligence is not in law presumed" tended to deprive plaintiff of the permissible res ipsa loquitur inference of defendant's negligence as submitted in plaintiff's verdict-directing Instruction No. 1. And here again we make reference to West v. St. Louis Public Service Co., supra, for a careful analysis of the meaning of an entire instruction in identical language. In that case this court remarked that the meaning of an instruction must be determined from its entirety and not by considering only isolated words or phrases; and that instructions must be read and construed together and, as a whole, as stating the law for the guidance of the jury. We, in the instant case, as we did in the West case, have followed these accepted rules to be employed in reviewing instructions, and have found no error prejudicial to plaintiff in the instructions when read and construed together.

In the West case [236 S.W.2d 312], this court said, "We do not think that the instruction [Instruction No. 5 in that case] is reasonably susceptible of the meaning that the jury was not entitled to presume (infer) negligence from the *facts in evidence* [as distinguished from permitting the jury to go *outside* of and beyond the scope of the evidence] or that the jury was not permitted to surmise or speculate upon the *facts in evidence* in the process of drawing reasonable inferences therefrom." But it was further said in the West case, that we do not commend an instruction in the form of Instruction No. 5 in the West case (Instruc-

tion No. 8 in the instant case) or its use in any case which is based, in whole or in part, upon circumstantial evidence.

The judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.