Frank O. SANDERS, Appellant (Plaintiff),

v.

Donald J. HENDERSON, Respondent
(Defendant).

No. 45655.

Supreme Court of Missouri,

Division No. 1.

May 13, 1957.

Malcolm L. Bartley, Paul H. Koenig,
Jack H. Ross, St. Louis, John H. Martin,
St. Louis, of counsel, for appellant.

J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis,
for respondent.

HYDE, Judge.

Action for $15,000 damages for wrongful death of plaintiff's wife in a collision of automobiles. Verdict and judgment for defendant from which plaintiff appealed.

The only error claimed is the giving of instruction No. 6. The case was submitted on excessive speed (instruction No. 1) and humanitarian negligence (instruction No. 2). The first paragraph of instruction 6, in which the error is claimed was as follows: "The Court instructs the jury that plaintiff is not entitled to recover any damages from defendant because of the death of Marie Glenn Sanders unless you find and believe from all the evidence in the case under the instructions of the Court that the death of said Marie Glenn Sanders was the direct result of negligence of the defendant, as specified in other instructions given to you by the Court, provided you find that defendant was so negligent." The second paragraph of the instruction was of a cautionary nature against being influenced by passion, prejudice or sympathy; and no complaint is made as to that part of the instruction.

The collision occurred on Highway 54 about one mile south of Fulton. Plaintiff, with his wife, had driven from Fulton and were turning around to go back north (making a "U" turn) at a driveway of the International Harvester plant on the west side of the highway. Defendant was driving north at a speed estimated by him as 50 to 60 miles per hour and by some of plaintiff's witnesses as 70 miles per hour. (One witness estimated defendant's speed as about 85 miles per hour.) In turning north plaintiff's car came out of the driveway and went over the center line of the

pavement into the east lane in front of defendant's car. The right front part of plaintiff's car was struck by the left front part of defendant's car.

Plaintiff says instruction 6 was in the nature of a converse instruction to the effect that "the jury may not return a verdict for plaintiff until and unless they have made certain findings". Plaintiff says this instruction erroneously sets up a separate independent standard of negligence, without any guides, which gave the jury a roving commission and made the test of negligence the personal judgment of each individual juror, citing Winn v. Gulf, Mobile & Ohio R. Co., Mo.Sup., 284 S.W.2d 455 and Beahan v. St. Louis Public Service Co., 361 Mo. 807, 237 S.W.2d 105. We do not find either of these cases in point. In the Beahan case, the condemned instruction (given at the defendant's request) predicated a finding of negligence upon the personal judgment of defendant's bus driver, instead of upon the care of a reasonable and prudent person under the same or similar circumstances. Certainly instruction 6 does not set up any standard of personal judgment of any party or witness; but instead refers to the requirements of the other instructions. In the Winn case, a res ipsa loquitur case, the instruction after hypothesizing the facts of the occurrence proceeded: "then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent, and you may so find, *if you believe that you should.*" [284 S.W.2d 456.] We held that this italicized clause made the instruction erroneous, saying "The instruction, in effect, tells the jury, before you find defendant negligent, you must find or believe these three things: (1) you must find the hypothesized facts to be true; (2) you must find that those facts, even though true, are sufficient to justify a finding that defendant was negligent, and (3) you must believe that you should find defendant negligent. * * * It is our opinion that the instruction permitted the jury to find for defendant even though the jurors had found the hypothesized facts to be true and had drawn the permissible inference of negligence therefrom."

We do not construe instruction 6 as indicating that the jurors may make the ultimate test of liability their independent personal belief regardless of required findings as did the instruction in the Winn case. It was as plaintiff says in the nature of a converse instruction to the effect that the jury could not find against defendant unless they found both negligence and causation. We think its reasonable construction is that even if they found negligence they could not find for plaintiff unless they also found causation. The reasonable construction of the cause, "provided you find that defendant was *so* negligent" (emphasis ours), is that it referred to the immediately preceding reference to other instructions, so that it meant "provided you find that defendant was negligent as specified in other instructions given to you by the Court." It would be better in such an instruction to state the requirement for the finding of negligence before the requirement for finding of causation. It would also be better to make the requirement for finding negligence on the same basis as on causation, namely: "unless you find defendant was negligent" etc., and unless you find the death was the direct result, etc. See instruction in Kamper v. United Telephone Co., Mo.Sup., 259 S.W.2d 801, 803. While it makes the instruction awkward to reverse this order as done in this instruction, and use the "provided" clause, we do not think it makes it erroneous or misleading.

Reversing this order and using the same terms, but using the reference to other instructions clearly intended by the word "so," we think the reasonable construction of this instruction is, as follows: "The Court instructs the jury that, provided you find that defendant was negligent as specified in other instructions given to you by the Court, plaintiff is not entitled to re-

cover any damages from defendant because of the death of Marie Glenn Sanders unless you find and believe from all the evidence in the case under the instructions of the court that the death of said Marie Glenn Sanders was the direct result of negligence of the defendant, as specified in other instructions given to you by the Court." In other words, even if the jury found the defendant negligent it must also find that the death of plaintiff's wife was the direct result of the negligence of the defendant. Of course, it is fundamental in the law of torts that there must be both negligence and causation to impose liability; and plaintiff's instructions 1 and 2 did submit both affirmatively. We think that instruction 6 did state this test and hold that, although it could have been stated better and more clearly, it did not state this test incorrectly and it was not erroneous.

The judgment is affirmed.

All concur.